CHARLES H. McCAUSLAND *vs.* WEST DULUTH LAND COMPANY, *et al.*

Argued Oct. 20, 1892.   Decided Nov. 4, 1892.

**Mechanics' Liens—Mortgages—Priorities.**

When the owner of land conveys to one who has caused a building to be erected on it, and at the same time takes back a mortgage for the purchase money, and prior thereto mechanics' liens have accrued in constructing the building, whether the mortgage or liens shall take preced- ence will depend on whether the interest of the owner (the mortgagee) was or was not, at the date of the conveyance, subject to the liens.

**Burden of Proof under Laws 1889, ch. 200, § 5.**

Under Laws 1889, ch. 200, § 5, the *onus* of proof, as to serving or post- ing notice,—when he must serve or post it to protect his property from liens,—is on the owner.

Appeal by West Duluth Land Company, one of the defendants, from a judgment of the District Court of St. Louis County, *Baxter*, J., entered July 20, 1892.

September 3, 1890, the appellant was the owner of Lot 17, Block 203, Third Division, West Duluth. On that day it entered into a contract for the sale of this land to Frank Riggin, and put him in possession. May 3, 1891, pursuant to the contract, the appellant executed and delivered to Riggin a warranty deed to the property, and Riggin, to secure part of the purchase money, executed and de- livered to appellant a mortgage thereon. The deed and mortgage bore date September 3, 1890, the date of the contract. The mort- gage was recorded May 4, 1891. Between November 22, 1890, and April 3, 1891, Riggin erected a house on the lot. Charles H. Mc-

Causland, the contractor, and S. C. W. Chapman, T. W. Richardson, The West Duluth Manufacturing Company, and Leroy H. Ellis, did work or furnished materials between those dates, in the erection of the house; and they severally filed liens therefor. This action was brought by the plaintiff, Charles H. McCausland, to foreclose his lien. The West Duluth Land Company, Riggin, and the lien claimants were made parties, and the action was tried February 15, 1892. Findings were made in favor of the lien claimants, and the property ordered sold to pay the liens. Judgment was entered accordingly, and the Land Company appeals.

*McCordic & Crosby*, for appellant.

Appellant's mortgage is a "continuation in changed form of the vendor's lien," which was fixed at the date of the contract of sale, prior to the time the liens accrued. Hence the mortgage must be given precedence. *Malmgren* v. *Phinney*, 50 Minn. 457. At any rate, in order to give the liens priority, it must be shown that appellant knew of the erection of the building, and did not object in the manner provided by Laws 1889, ch. 200, § 5. *Wheaton* v. *Berg*, 50 Minn. 525; *Haupt Lumber Co.* v. *Westman*, 49 Minn. 397.

*Wilson & Taylor*, and *D. M. De Vore*, for some respondents.

The appellant was in fact, and of record, the owner of the premises until May 3, 1891, and the liens attached to the property presumptively with its knowledge and consent. Hence the mortgage to appellant recorded May 4, 1891, was secondary and inferior to the liens. *Haupt Lumber Co.* v. *Westman*, 49 Minn. 397; *Wheaton* v. *Berg*, 50 Minn. 525.

*Draper, Davis & Hollister*, for respondent West Duluth Manufacturing Co.

This case falls within the provisions of section 5 of the lien law. *Wheaton* v. *Berg*, 50 Minn. 525. Appellant owned the land all the time the house was being erected, and it is found as a fact that it knew the house was being erected. Hence appellant is presumed to have consented. The burden of proof to show nonconsent is upon appellant. *Wheaton* v. *Berg, supra.*

GILFILLAN, C. J. The West Duluth Land Company was the owner of the land, and September 3, 1890, made a contract in writing to convey it to Riggin, and pursuant thereto it conveyed to him May 3, 1891, and at the same time he executed to it a mortgage for a part of the purchase price. Between the two dates the various liens accrued. The question is, which takes priority, the mortgage or the liens?

The contract to convey was not contingent on, and did not provide for, the erection of the building, so that the case did not at any time come within Laws 1889, ch. 200, § 4. And the court below finds that the building was erected with the knowledge of the owner, (the land company,) so that at the time of the conveyance the case was within section 5 of that chapter, as it was construed by this court in *Wheaton* v. *Berg*, 50 Minn. 525, (52 N. W. Rep. 926,) and, unless the owner had protected its property from them in the manner provided in that section, the liens had attached, not only to the interest of Riggin, but to that of the owner also. Now, while it is true that, where the vendor's interest is not subject to the lien, a mortgage for the purchase money upon a conveyance by him, the mortgage being only a continuation of his interest in another form, will not, although in date subsequent to the lien, become subject to it, it is not true that it takes priority merely because it is for the purchase money. Its *status* in respect to the mechanic's lien will be the same as that of the interest for the purchase price of which it is given. If that be subject to the lien, it will also be subject to it; if that be not subject to the lien, it will not be.

It does not appear that the owner gave or posted the notice specified in section 5. And this raises the question, upon whom is the *onus* of proof in respect to the notice? Must the claimant, to establish his lien, prove that it was not given or posted? or must the owner, in order to protect his property from the lien with which the section charges it, unless he shall serve or post the notice, prove that he did so? Some expressions in the opinion in *Wheaton* v. *Berg*, *supra*, are referred to as holding that the *onus* is on the claimant. But that question was not before the court, and there was no intention to indicate any opinion on it. In analogy to the general rule that the party to be benefited by the affirmative of an issue must as-

sume the initiative of proof, we think the *onus* upon the giving or posting of notice is on the owner, and, in the absence of any evidence on the point, it must be taken that the notice was not served or posted.

Judgment affirmed.

MITCHELL, J., took no part in the decision.

(Opinion published 53 N. W. Rep. 464.)