## CHARLES B. STRAVS v. RUDOLPH A. STECKBAUER AND OTHERS.[1]

February 9, 1917.

Nos. 20,161—(271).

**Appeal and error — assignments of error — motion for new trial.**

1. Where assignments of error in a motion for a new trial are upon the grounds that the "decision on said claim is not justified by the evidence, and is contrary to law," assignments in appellants' brief upon appeal, of errors of law occurring at the trial, cannot be considered.

**Mechanic's lien — nonconsenting owner — posting of notice — burden of proof on owner.**

2. "When improvements are made by one person upon the land of another, all persons interested therein, otherwise than as *bona fide* prior incumbrancers or lienors, shall be deemed to have authorized such improvements, insofar as to subject their interests to liens therefor." G. S. 1913, §7024. By this provision of the statute a presumption of consent to improvements is raised against the owner, but if he does not consent he may protect his interests by serving or posting notices and the burden of proving such notices is upon the owner.

**Lien for lumber moulds for concrete.**

3. A lien may be enforced for lumber furnished for forms in the construction of a concrete foundation for a building, though it was not incorporated into the structure in such a way as to become an integral part thereof.

**Mechanic's lien from time of delivery — abandonment.**

4. Where material is furnished and delivered upon the premises for an improvement thereon, in good faith, the lien attaches at the time of delivery, and will not be defeated by abandonment of the improvement.

Action in the district court for Hennepin county to recover $375, an attorney's fee of $50, and to determine the validity and amount of the liens of defendants, and to enforce them by a sale of the premises described. The case was tried before Jelley, J., who found that plaintiff

[1]Reported in 161 N. W. 259.

was not entitled to a lien on the premises, but ordered a sale of the premises to satisfy the liens of the John H. Rowe Lumber Company and other corporations. From an order denying their motion to set aside the findings and order for judgment, and for a new trial, defendants Rudolph A. Steckbauer and Edward Hunter appealed. Affirmed.

*Josiah E. Brill,* for appellants.

*Alvord C. Egelston,* for respondent John H. Rowe Lumber Company.

QUINN, J.

This is an action to enforce a mechanic's lien against the premises described in the complaint. During the time in question, the defendants Rudolph A. Steckbauer and Edward Hunter were the owners of the real estate in question. In June, 1914, the defendant First National Holding Company went into possession and commenced the erection of an apartment building upon said premises on its own account, and accordingly excavated and constructed a concrete foundation for such building. No further work was done upon such undertaking after the completion of the foundation in August, 1914.

During the progress of the work, the First National Holding Company bought various materials from divers parties for use therein, including the lumber from the John H. Rowe Lumber Company in question. It is conceded that such lumber was furnished and delivered upon the premises between June 2 and July 9, 1914, for use as form lumber in the construction of the foundation, and that the same was of the value of $968.83. On October 5, 1914, the lumber company filed its lien statement in due form against the premises, as did the other defendant lien claimants.

The plaintiff brought this action to enforce a lien which he claims to hold against the premises, and in so doing made the owners of the premises and all of the lien claimants parties defendant. In their answer appellants admit the ownership of the land, the incorporation of certain of the defendants, and deny the other allegations of the complaint. The defendant Rowe Lumber Company in its answer set up its lien claim and asked for the enforcement thereof, as did the other lien claimants.

The case was tried to the court, findings of fact were made and a decree entered adjudging and decreeing the claim of the defendant lumber com-

pany a lien against the premises in question and for a sale thereof to satisfy the lien. A like order and decree was entered on behalf of the other lien claimant defendants.

On the motion for a new trial appellants assigned as error that said "decision on said claim is not justified by the evidence, and is contrary to law." From an order denying such motion this appeal was taken. In their brief they assigned as error certain rulings of the court as to the admissibility of evidence. These assignments are not embraced within the assignments contained in the motion for a new trial and therefore cannot be considered. Nye v. Kahlow, 98 Minn. 81, 107 N. W. 733.

It is contended on behalf of the appellant Hunter that no lien should attach against his interest in the premises, for the reason that no proof was offered that he had any notice or knowledge that the foundation was being constructed. The part of our statute affecting this question is in these words: "When improvements are made by one person upon the land of another, all persons interested therein, otherwise than as *bona fide* prior incumbrancers or lienors, shall be deemed to have authorized such improvements, insofar as to subject their interests to liens therefor." G. S. 1913, § 7024. By this provision a presumption of consent to improvements is raised, *prima facie* at least, against the owner, and, if he does not consent but wishes to protect his interests, he must do so by serving or posting notices, and the burden of proving such notice is upon the owner. McCausland v. West Duluth Land Co. 51 Minn. 246, 53 N. W. 464; Minneapolis Plumbing Co. v. Arcade Inv. Co. 124 Minn. 317, 145 N. W. 37.

The lumber involved in this appeal, while delivered at the premises for use in the construction of the building, was not incorporated into the structure so as to become an integral part thereof. It is not disputed that the lumber was used for making forms into which the concrete was poured and in which it remained until hardened, after which the lumber was removed and again in like manner used at other parts of the foundation, until it had been so used several times over, and finally a portion of the lumber was withdrawn from the forms and piled on the premises, where it has since remained. Other portions still remain in the forms in the structure and a part of it was cut and used for other purposes, and that

after being thus used it became of practically no further use or value. We think the findings of the trial court that said lumber was all used and consumed in the construction of the foundation is justified by the evidence.

The material having been furnished and used in the construction of the foundation, in good faith by the materialman, the lien attached when the material was delivered upon the premises. Wentworth v. Tubbs, 53 Minn. 388, 55 N. W. 543. Nor will such lien be defeated by an abandonment of the improvement. Howes v. Reliance Wire Works Co. 46 Minn. 44, 48 N. W. 448.

Order affirmed.