# L. J. MUELLER FURNACE COMPANY v. O. P. BAHNEMAN AND OTHERS.[1]

## FLOUR CITY FUEL & TRANSFER COMPANY, APPELLANT.

### November 7, 1919.

### No. 21,467.

**Mechanic's lien statement — execution by agent.**

1. Where, in executing a lien statement, an authorized agent of the claimant signs his name immediately below the verification and above the jurat, the signing constitutes a sufficient subscription thereto.

[1]Reported in 174 N. W. 614.

**Knowledge of owner — finding sustained by evidence.**

   2. Testimony considered and *held* sufficient, coupled with the presumption flowing from the undisputed facts, to sustain a finding, that the improvement to real property was made with the knowledge and consent of the owner in fee of the premises.

Action in the district court for Hennepin county to foreclose a mechanic's lien. The case was tried before Converse, J., of the First judicial district, who made findings, ordered judgment in favor of plaintiff for $65.36 and that the amount be a specific lien upon the premises, and a sale of the premises to satisfy plaintiff's lien and judgment. From the judgment entered pursuant to the order for judgment, defendant Flour City Fuel & Transfer Company appealed. Affirmed.

*Brady, Robertson & Bonner,* for appellant.

*A. M. Breding* and *Walter S. Whiton,* for respondent.

QUINN, J.

Action to enforce a lien for the value of certain material furnished by the plaintiff for use in the repair of a steam heating plant.

It appears from the findings in this case that in November, 1916, the plaintiff furnished, at the special instance and request of the defendant Bahneman, and with the knowledge and consent of the defendant Flour City Fuel & Transfer Company, one cast iron steam dome and a cast iron fire pot for use in the repair of a Mueller steam boiler then in a building on the premises in question, of which the defendant last named was and still is the owner in fee. The articles were so used and were of the value of $65.36. Within 90 days after the furnishing of said material, plaintiff caused a lien statement to be prepared and filed for record in the office of the register of deeds of the county in accordance with the provisions of section 7026 of the statute.

The court also found as conclusions of law: (1) That plaintiff was entitled to a personal judgment against the defendant Bahneman for the sum of $65.36, with interest thereon at the rate of six per cent per annum from the fifteenth day of November, 1916, and for $3.65 disbursements, and $25 attorney's fee; (2) that the plaintiff is entitled to judgment decreeing said amount a specific lien upon the premises described in the

complaint, subject, however, to the mortgages thereon, and to a foreclosure of said lien as provided by law, and ordered judgment accordingly. Judgment was so entered and the defendant Flour City Fuel & Transfer Company appealed.

It is contended by appellant that the failure of the person who verified the lien statement to sign his name on the line provided for that purpose immediately above the verification is fatal to the validity of the lien. The question was disposed of adversely to appellant's contention in Norton v. Hauge, 47 Minn. 405, 50 N. W. 368. The lien statement was in the usual form. The verification after the venue reads: "Harry H. Miller, of said county, being duly sworn, says he is the manager," etc. Miller signed his name immediately below the verification and above the jurat, which was as follows: "Subscribed and sworn to before me this 1st day of February, 1917. Claude M. Stanley, Notary Public," etc. The execution of the lien statement was sufficient.

The testimony upon several material matters is quite meager, but, coupled with the presumptions flowing from the undisputed facts, is sufficient, in our opinion, to sustain the findings of the trial court. It conclusively appears that at all the times in question the defendant fuel and transfer company was the owner in fee of the premises in question, but it does not appear who occupied the premises at the time the improvement was made. It is well settled in this state that improvements upon real estate, such as the one here in question, are presumed to be made upon authority from the legal owner of the premises. G. S. 1913, § 7024; Rockey v. Joslyn, 134 Minn. 468, 158 N. W. 787; Stravs v. Steckbauer, 136 Minn. 69, 161 N. W. 259. The material in question was sold to Bahneman for use in the repair of the boiler which plaintiff had formerly furnished. It was delivered on the premises in question. True Mr. Ekstrum, president of the defendant company, testified upon the trial to the effect that he never made a contract with Bahneman for the improvement in question; that he never knew of the furnishing of the fire pot and dome for the heating plant on said premises, and never learned of the same until about a week before the trial, or when the papers were served. This testimony is not, of itself, such as to necessarily overcome the findings of the trial court that the material was furnished

and the improvement made with the knowledge and consent of the owner of the property.

The witness Miller testified, in effect, that he was the manager of the plaintiff and that he sold the material in question to Bahneman, that the parts were sent out to and installed on the premises in question. He further testified that "in this particular boiler there are two water and steam chambers, which are the fire pot and the dome. We had originally furnished a boiler, and on this invoice we furnished another fire pot and dome which was put in, replacing the ones that originally came with the boiler. They were put in to complete a steam plant." On cross-examination :

"Q. Did you see it before the old parts were taken out?

"A. No, when I was out there the old pot and steam dome were laying there on the floor; the new ones were installed.

"Q. This was to repair the original plant, replace parts of the original plant which were taken out?

"A. Yes."

Appellant is a corporation. It does not appear what officer or person had to do with looking after the premises, nor whether such person had any actual knowledge of the improvement at the time the same was being made. The case may be said to come well within the rule in Emery v. Hertig, 60 Minn. 54, 58, 61 N. W. 830.

The judgment appealed from is affirmed.