JOHN J. BROWN AND ANOTHER v. W. W. HEFFELFINGER
REALTY COMPANY.
CHARLES B. POWER, INTERVENER.[1]

April 17, 1924.

No. 23,914.

**Materialman not entitled to lien for material furnished.**

1. In an action to establish and enforce a materialman's lien for insulite and compo-board, furnished to a tenant of a room 66x92 feet on the second floor of the premises, and used in refrigerating the same and for partitions, movable lockers, platforms, tables, and the like, *held*, under the proofs in the case, to be personal property and not fixtures or repairs, so as to constitute a lienable claim against the premises.

**Materialman's lien not warranted by proof or finding of fact.**

2. Where, in an action to enforce a materialman's lien, there is no finding or proof that the material was furnished at the instance of the owner of the premises or that he had any knowledge of the improvement being made, the conclusion of law imposing a lien upon the property is without support.

[1]Reported in 198 N. W. 424.

Action in the district court for Hennepin county by persons trading as Insulation Sales Company to foreclose a lien for material. Charles B. Power filed his complaint in intervention. The case was tried before Salmon, J., who made findings and ordered judgment in favor of the lien claimants. From an order denying his motion for amended findings or for a new trial, intervener appealed. Reversed.

*Edward T. Teitsworth*, for appellant.

*John A. Nordin* and *Allen & Fletcher*, for respondents.

QUINN, J.

Action to establish and enforce a lien against the real estate described in the complaint, for material used in refrigerating a room 66x92 feet, on the second floor of the building situated thereon. Thomas C. Power was the owner of the premises. The defendant Standard Trading Company occupied the room in which it conducted the manufacture and sale of candy, dried fruits and nuts, as a tenant under a two-year lease beginning January 1, 1919. In October, 1920, the tenant purchased from plaintiff certain insulite of the value of $175.10, which it used in refrigerating the room. At about the same time it purchased from the defendant Columbia Lumber Company certain compo-board and other material of the value of $109.26, which it used in connection with its business in the room. The material was not paid for and lien statements were filed against the premises. The owner of the premises had no notice or knowledge of the purchase or use of such material in connection with the premises until the commencement of this action. The Columbia Lumber Company filed an answer for the enforcement of its lien claim. Subsequent to the commencement of this action Charles B. Power obtained a conveyance of the premises from the former owner and intervened, contending that respondent's claims were not lienable against the premises. A trial was had and the court allowed both claims and ordered judgment accordingly. From an order denying his motion for amended findings, or for a new trial, the intervener appealed.

The Standard Trading Company was a corporation, and in September, 1920, the witness Zacher was its secretary and treasurer. His testimony was undisputed to the effect that he had charge of the ordering of the materials in question, and of the placing of the same on the premises; that the insulite came in wide sheets and was about one-half inch thick; that it was used to insulate the room; that it was tacked onto the four walls and ceiling of the room with nails about one and one-half inch long, so that it could be pulled off without much of any trouble; that it was tacked at 6 different joints to prevent its sagging; that it was used to refrigerate the room for the purpose of manufacturing chocolates. He further testified in effect that of the material purchased from the Columbia Lumber Company, there were 9 pieces of 4x7-foot compo-board, and 4 pieces of 4x12, used for partitioning from one end of the room to the other, with cross partitions, so as to divide the space into sections for the boys and girls separately; that the partitions were made entirely of the compo-board and about 8 feet high; that the ceiling of the room was about 14 feet high; that part of the compo-board was used to inclose the elevator shaft; that the ends of the partitions were not fastened to the walls of the building; and that portions of the material were used to make movable lockers for the use of the employes, and some of it for temporary floors, hoppers, platforms and tables, in the nature of furniture, all loose from the floor and used in connection with the business.

A further recital of the evidence is unnecessary as it continues along the same line and satisfies us that the material used was not attached to the building so as to become an accessory thereto, or so as to legally constitute part of the realty, and was not lienable. It is clear that a portion of the material was used in such a way that the hoppers, platforms, tables and the like became trade fixtures as defined in Wolford v. Baxter, 33 Minn. 12, 21 N. W. 744, 53 Am. Rep. 1; White Enamel Refrigerator Co. v. Kruse, 121 Minn. 479, 140 N. W. 114; Pittsburgh Plate Glass Co. v. Brown, 152 Minn. 325, 188 N. W. 569.

There is a further reason why the order establishing the liens cannot be maintained. In its order the learned trial court states

that the material was used in and about the preparing and fitting up of the premises for initial occupancy by the tenant. This finding is not sustained by the proofs. It is clear that, at the time of the purchase of the material by the tenant, it had occupied the premises over 21 months. There were less than 3 months of the term left. But if the statement was supported by the proofs, the use of the material, according to the findings, would amount to a repair by the tenant, which is not in keeping with section 7024, G. S. 1913, which provides that "as against a lessor no lien is given for repairs made by or at the instance of his lessee." The lease specifically provided that the lessee take the "premises just as they are without any liability or obligation on the part of said lessor of making any alterations, improvements or repairs of any kind on or about said premises or the building or buildings of which they are a part, or the equipment, fixtures, appliances and machinery, in, upon or serving same."

There is no evidence and no finding that the materials were furnished at the instance of the owner of the real estate, or that he had any knowledge of the so-called improvement being made, hence the conclusion of law imposing a lien upon the owner's interest is without support.

Reversed.