## JOSEPH SCHREIBER v. W. D. SCOTT AND OTHERS.[1]

June 12, 1925.

No. 24,643.

**Decree of foreclosure of mechanic's lien not sustained.**
    1. In a proceeding to foreclose a mechanic's lien against residence property, where the record and findings of the court are silent as to how the occupant of the premises, at whose instance the improvement is made, holds the premises—whether as lessee or under an executory contract for the purchase of the premises—*held* that a decree of foreclosure is without support. Section 8495, G. S. 1923.

**Where mechanic is not entitled to relief against owner.**
    2. Where there is no finding as to whether the owner had any notice or knowledge of the improvement made, not having authorized the same, for which a lien is claimed, the claimant is not entitled to relief against the owner.

**New trial granted because of omissions in proofs and findings.**
    3. Under the record as it stands in this case, a new trial should be granted on account of the omissions in the proofs and findings.

    1. See Mechanics Liens, 27 Cyc. p. 426.
    2. See Mechanics Liens, 27 Cyc. p. 426.
    3. See Mechanics Liens, 27 Cyc. p. 426.

Action in the district court for Hennepin county to foreclose a mechanic's lien. The case was tried before Baldwin, J., who ordered judgment in favor of plaintiff. Defendants appealed from the judgment. Reversed.

*H. Z. Mendow,* for appellants.
*Nunan & Quealy,* for respondent.

QUINN, J.
Defendants Martha A. Scott and D. A. Scott, are husband and wife, and reside at Sioux Falls, South Dakota. Mrs. Scott owns

[1]Reported in 204 N. W. 575.

the residence property in question, which is situated in the city of Minneapolis. W. D. Scott is their son and he resided upon the premises, with his family, from May, 1915, to September, 1921. Plaintiff furnished labor and material in the improvement of the premises, between June 6 and September 12, 1921, at the special instance and request of the son. The improvements consisted of painting and shingling the house and garage. This action was brought to establish and enforce a lien against the premises for such improvements. The court made findings and granted a lien upon the premises.

There is no finding either that the labor and material were furnished at the instance of the owner of the premises, or that she ever had any notice of the improvements being made. Hence, the conclusion of law imposing a lien is without support. The burden of proof is upon the plaintiff to establish his right to a lien. As against a lessor, no lien is given for repairs made by or at the instance of his lessee. Section 8495, G. S. 1923 (section 7024, G. S. 1913); Brown v. W. W. Heffelfinger Realty Co. 159 Minn. 182, 198 N. W. 424.

There was testimony bearing upon whether the owner had notice or knowledge of the improvement made, but there is no finding upon that issue. To give the lien decree proper support, there should have been a finding upon that issue. It could have been had upon motion. It could easily have been made to appear under what authority the son occupied the premises and whether the mother authorized the improvement. There was more stress placed in avoiding a showing upon the facts than in an effort to develop them. There should be a new trial.

Reversed.