BRUER LUMBER COMPANY v. C. R. KENYON AND OTHERS.[1]

March 12, 1926.

No. 25,113.

**Liens of mechanics superior to lien of purchase money mortgage.**

1. Defendants Nelson sold the lot in question and took back a purchase money mortgage. The evidence sustains the finding that the improvement for which liens are claimed was begun before they conveyed the lot or recorded their mortgage, and that they had knowledge of the improvement and failed to give notice that it was not made at their instance.

[1] Reported in 208 N. W. 10.

**Conclusion sustained by findings.**

    2. The findings sustain the conclusion that the liens attached to their interest in the property.

    Mechanics Liens, 27 Cyc. p. 252 n. 29; p. 428 n. 69.

Action in the district court for Hennepin county to foreclose mechanics' liens. The case was tried before Nye, J., who ordered judgment for the lien claimants. Defendants Nelson appealed from an order denying their motion for a new trial. Affirmed.

*A. B. Darelius,* for appellants.

*Oscar A. Brecke* and *A. E. Harroun,* for respondent.

TAYLOR, C.

This is an action to foreclose mechanics' liens for labor and material furnished in making improvements on a lot in the city of Minneapolis, owned by defendant Amanda Nelson until June 29, 1922. Some days before that date her husband, defendant Edward Nelson, negotiated a sale of the lot and of other property to defendant C. R. Kenyon for the sum of $1,600. On that date she and her husband conveyed the property to Kenyon by warranty deed, and Kenyon paid $200 in money and executed to her a mortgage upon the property for the remaining $1,400 of the purchase price. The deed and mortgage were both recorded June 30, 1922. Defendant Amanda has foreclosed her mortgage and bid in the property, but the period for redemption had not expired at the time of the trial. The question presented is whether the evidence sustains the finding of the trial court that her interest in the lot is subject to the liens.

Plaintiff delivered material on the lot on June 28, 1922, by direction of Kenyon. The court so found and further found that actual visible improvement work was being done thereon at that time. This finding is sustained by the evidence. Another lien claimant delivered material on June 30, 1922. The statute provides that liens

"As against the owner of the land, shall attach and take effect from the time the first item of material or labor is furnished upon

the premises for the beginning of the improvement, and shall be preferred to any mortgage or other incumbrance not then of record." G. S. 1923, § 8494.

As materials for the improvement were delivered on the lot prior to the recording of the mortgage, the liens are superior to the mortgage by force of the statute.

The statute further provides:

"When improvements are made by one person upon the land of another, all persons interested therein otherwise than as bona fide prior incumbrancers or lienors shall be deemed to have authorized such improvements, in so far as to subject their interests to liens therefor. But any person who has not authorized the same may protect his interest from such liens by serving upon the persons doing work or otherwise contributing to such improvement within five days after knowledge thereof, written notice that the improvement is not being made at his instance, or by posting like notice, and keeping the same posted, in a conspicuous place on the premises." G. S. 1923, § 8495.

This statute has been construed and applied frequently, and its meaning and effect are well settled. It makes the interest of the owner subject to liens for improvements made upon his land, unless he gives the required notice within five days after learning that the improvement is being made. Stravs v. Steckbauer, 136 Minn. 69, 161 N. W. 259; L. J. Mueller F. Co. v. Bahneman, 144 Minn. 119, 174 N. W. 614; Berglund & Peterson v. Abram, 148 Minn. 412, 182 N. W. 624; Dower Lumber Co. v. Rodewald, 157 Minn. 314, 196 N. W. 473; Fauser v. McElroy, 157 Minn. 116, 195 N. W. 786.

The court found that defendants Nelson had knowledge of the making of the improvement, and it is conceded that they never served or posted any notice whatever. The evidence is sufficient to sustain the finding that both the Nelsons knew of the making of the improvement while it was in progress, but perhaps not at quite as early a date as fixed by the court. However, as they never gave any notice, the precise time that defendant Amanda learned that

the improvement was being made is not important. By force of the statute her interest is subject to the liens, and the order of the learned trial court must be and is affirmed.