# OTTO H. JOHNSON v. M. J. GRADY AND ANOTHER.[1]

September 30, 1932.

No. 29,121.

[1]Reported in 244 N. W. 409.

Paul D. Schriber, for appellant.

Oppenheimer, Dickson, Hodgson, Brown & Donnelly, Claude R. Beddall, and Benno F. Wolff, for respondent Brown & Bigelow.

OLSEN, J.

Plaintiff appeals from an order denying his motion for a new trial. The action is one to foreclose a mechanic's lien.

Defendant Brown & Bigelow, a corporation, owns a tract of land fronting on University avenue in the city of St. Paul. On the rear part of the tract is located a manufacturing plant and offices of the corporation. The front part of the tract adjoining University avenue was improved as a park, with a small golf course thereon for the use of the employes of the corporation. This golf course was used only in the daytime and was not lighted. About April 1, 1931, defendant M. J. Grady leased from the corporation that part of the premises laid out as a golf course for a term of two years, for the purpose of constructing and operating thereon a miniature golf course for public use on payment of usual charges. Miniature golf courses were then in vogue and were operated to a large extent in the evenings. In order so to do, it was necessary to install a lighting system on the golf course. The lease so made provides:

"The lessee [Grady] has the privilege of lighting the golf course for night playing at his own expense, but shall furnish the equipment for same at no expense to the lessor. The lessee shall have the privilege of installing standards for lights where needed and of installing flood-lights on top of the Brown & Bigelow building. * * *

"It is understood that all equipment installed by the lessee shall be considered personal property and may be taken away by the lessee upon termination of his rights as lessee."

Grady then employed the plaintiff to furnish and install the lights and equipment for lighting the golf course and agreed to pay therefor on a cost plus basis. He failed to pay for the lights and equipment, and this action was brought to foreclose a lien filed against the property of Brown & Bigelow.

■ The court found:

"That the equipment furnished by the plaintiff to the defendant M. J. Grady and installed in the manner aforesaid constituted and constitutes trade fixtures furnished in aid of the lease given by the defendant Brown & Bigelow to the defendant M. J. Grady, and did not and does not constitute fixtures of a permanent character valuable to the defendant Brown & Bigelow or to its said property apart from the said lease."

The court further found that the equipment could be dismantled and removed without injury of any consequence to the building or grounds of Brown & Bigelow; that plaintiff knew or was charged with knowledge of the terms of the lease by Brown & Bigelow to Grady, and was advised, during the installation of the equipment, that it was to be temporary in character and to be removed by the tenant at the termination of the lease.

The court concluded that plaintiff was not entitled to any lien on the property of Brown & Bigelow.

These findings and conclusion are challenged as not sustained by the evidence. Whether these wires, lights, and appliances for lighting the golf course were removable trade fixtures, or so attached to the realty as to become fixtures, was a question of fact for the trial court. If there is evidence reasonably sufficient to sustain the court's findings of fact, such findings must stand.

In general terms, the lighting equipment was connected with Brown & Bigelow's property in the following manner: Three conduits, carrying wires, were connected with electric outlets on the top floor of the Brown & Bigelow building, or on the penthouse thereof, and thence carried through windows to the outside of the building. Wires were then carried to lights at different parts of the grounds and to the roof of the building. Attached to and extending above the parapet on the roof were placed a number of short 2 x 4 pieces of lumber, on top of which were placed flood-lights to light the grounds. Along the street side of the grounds six poles of the kind ordinarily used as telephone poles were erected, and lights placed thereon. To hold the wires from the conduits

where they came out of the building, small holes about two and one-half inches deep were drilled into the bricks of the wall, in which were placed what is called expansion bolts to hold braces or supports for the wires. There were also such expansion bolts used to hold the uprights for the flood-lights along the parapet and in other places. There was a small caddy house placed on cement blocks at one place on the grounds in which some switches for the lights were contained. The caddy house was not furnished by plaintiff and has since been removed.

The evidence tends to show that by clipping off the heads of the expansion bolts, disconnecting the wire conduits from the outlets, and removing the six poles, the lighting appliances so installed could be removed from the premises without any material injury to the building or grounds and without material damage to the lighting equipment. Under the circumstances shown, the finding of the trial court that this lighting equipment constituted removable trade fixtures is sustained by the evidence. White Enamel R. Co. v. Kruse, 121 Minn. 479, 140 N. W. 114; Pittsburgh P. G. Co. v. Brown, 152 Minn. 325, 188 N. W. 569; Brown v. Heffelfinger R. Co. 159 Minn. 182, 198 N. W. 424.

Plaintiff well knew that Grady was a tenant and that the lighting equipment was for use by the tenant in the tenant's business.

■ The finding that the plaintiff knew or was charged with knowledge of the terms of the lease is challenged. Plaintiff knew at all times that Grady was a tenant under a lease, and the leasing was talked over between plaintiff and Grady more than once. The lease was placed in plaintiff's hands for such examination thereof as he cared to make. He admits reading parts thereof. In that situation we have no difficulty in holding that the court was justified in finding that he knew or is charged with knowledge of the terms of the lease.

■ There was a motion for a number of amended findings of fact and amended conclusions of law. A number of assignments of error are based on the refusal of the court to make such amendments. As we view the record, the findings of fact we have con-

sidered and passed upon are decisive of the case, and it is not necessary for us specifically to discuss proposed findings which would not change the result. All assignments of error have had our attention.

Order affirmed.

