REED & SHERWOOD MANUFACTURING COMPANY v.
THOMAS E. JONES AND ANOTHER.
UNION CENTRAL LIFE INSURANCE COMPANY,
RESPONDENT.[1]

February 25, 1938.

No. 31,478.

[1]Reported in 278 N. W. 30.

*Will A. Blanchard,* for appellant.
*Freeman & King,* for respondent.

HOLT, JUSTICE.

The sole question on this appeal is whether the purchase money mortgage of respondent was correctly decreed superior to plaintiff's mechanic's lien allowed against the farm of defendant Jones. Respondent, on September 10, 1935, was the owner in fee of a farm in Anoka county, and by contract for deed agreed to sell the same to defendant Jones for $3,000, $300 thereof to be paid in cash before deed was given, and $2,700 by a promissory note secured by executing a purchase money mortgage on the farm. The cash payment was made so that on October 4, 1935, the deal was closed by the execution and delivery of the deed, the note, and the mortgage, the deed and mortgage being filed simultaneously for record in the office of the register of deeds of Anoka county December 24, 1935, at nine a. m. In the contract for deed Jones agreed "to assume full responsibility for the maintenance and upkeep of said premises, buildings and improvements," and to keep the buildings insured for respondent's benefit. Jones went into possession at once and ordered the material, for which plaintiff filed a lien, to repair the dwelling house. The first item was delivered on the land September 24, 1935, and the last on the 25th of the month following. Jones made no defense, and plaintiff was given a lien on all the right, title, and interest of Jones in the premises, the lien, however, to be inferior to that of respondent's mortgage. Plaintiff's motion for

amended findings was denied and judgment entered, from which it appeals.

All assignments of error go to the superiority of the respondent's purchase money mortgage over plaintiff's lien. This depends in the main upon undisputed facts. In the findings this one is challenged as not sustained: "That said contract for deed did not require that the vendee, the defendant Thomas E. Jones, make any improvements on any part of said premises." However, the findings also state that the contract contained the agreement of the vendee "to assume full responsibility for the maintenance and upkeep of said premises, buildings and improvements." We do not think the finding attacked is successfully impeached by the quoted provision in the contract. And the evidence is without contradiction that when the contract was negotiated and up to the time of the recording of the mortgage there was no talk between the vendee and the ones who acted for the vendor requesting or consenting to any improvement or repair of the building. The farm was bought by Jones as "it was." He did not disclose to respondent's agent who showed him the premises, or to the agent in charge of respondent's lands in this state who negotiated the sale and executed the contract, how or when he intended to improve or repair the building. As we understand the position of plaintiff, it is that the dwelling on the farm had been unoccupied for some time not disclosed; that in the meantime some doors and windows had been removed, and the foundation on one side sagged; that it was evident that there had to be rather extensive repairs before the dwelling became fit to live in; hence, it is argued, that even if nothing was said except what was stated in the contract, the inference should be drawn that respondent authorized or consented to the improvement so as to charge its interests and title with any lien under 2 Mason Minn. St. 1927, §§ 8490 and 8494. It cannot be that because one sells premises whereon buildings are dilapidated and sadly in need of repair, or so far gone that they should be torn down and replaced by new, the seller, from that situation, should have consented to the repair or improvement so as to charge his interests as vendor with liens for material and labor contracted for by the vendee. We think the

challenged finding is sustained and not contrary to the evidence. The material here in question was not furnished under contract with respondent or at the instance of any of its agents, so that plaintiff's lien could attach under § 8490. Nor does § 8494 help plaintiff. True, the lien attached as of the date of the delivery of the first item of the material on the ground upon the interest of Jones, the vendee, who ordered the material. City of Ortonville v. Geer, 93 Minn. 501, 101 N. W. 963, 106 A. S. R. 445. The rights as between plaintiff, Jones, the vendee, and respondent, the vendor, became fixed as of September 24, when the first delivery of the material was made. The purchase money mortgage is but a transmutation of the vendor's equity in the premises into the form stipulated in the contract. The rights held by respondent as vendor it now holds as owner of the mortgage. When that material was delivered there was a possibility that the lien therefor might attach under § 8495. It could not under the first sentence of that section, for the executory contract for deed did not require the vendee to make the improvement, and, furthermore, the contract was neither surrendered nor forfeited, but fulfilled; therefore, the lien could not attach to the vendor's interest. However, under the provisions following the first sentence of § 8495 there was opportunity for the lien to attach to the vendor's interest if it had known that the improvement had been begun by the vendee, and it then had failed to serve and keep posted the notice as therein provided. That these two provisions of the section are separate is clear when the origin is considered. L. 1889, c. 200, was a codification of the mechanic's lien law, and § 4 thereof is the substance of the first sentence in § 8495, and § 5 is in effect the remainder of § 8495. There is this finding of fact which is not challenged and could not well be, viz., No. IX, which in substance is that respondent at no time requested Jones to make any improvement on the premises or had any agreement with any of the parties hereto to furnish any material or labor for the improvement; and, what is more, that the respondent "at no time had any knowledge of any improvements being made upon said real estate or any labor or materials being furnished for improvement of said real estate." That being so, respondent did not sub-

ject its vendor's right to plaintiff's lien, for it was not called upon to protect the same until it knew of the improvement being in progress. The evidence is undisputed that the first knowledge respondent had of the improvement made by Jones was when it was served with summons in this action. Had the proof shown that it or its agents in charge of its real estate and mortgages knew that the improvement of the dwelling was in progress, plaintiff's lien would have been superior to respondent's mortgage. McCausland v. West Duluth Land Co. 51 Minn. 246, 53 N. W. 464; Fauser v. McElroy, 157 Minn. 116, 195 N. W. 786; Bruer Lbr. Co. v. Kenyon, 166 Minn. 357, 208 N. W. 10. However, respondent carried the onus of showing that it had no knowledge whatever that any improvement was in progress until after plaintiff's lien was being foreclosed. From the findings and undisputed facts, the mortgage of respondent is superior to plaintiff's lien.

The judgment is affirmed.

MR. JUSTICE STONE, because of illness, took no part in the consideration or decision of this case.

