## HJALMER ANDERSON, d.b.a. WELL AND PUMP COMPANY, v. C. C. HARRISON AND OTHERS.

160 N. W. (2d) 560.

July 26, 1968—No. 40,831.

*C. J. Manahan* and *John Markert,* for appellants.
*Gilbert W. Terwilliger,* for respondent.

OTIS, JUSTICE.

This is an action to foreclose a mechanics lien in the sum of $866.29 for labor and material furnished in repairing a well and water system at the New England Motel near Red Wing. The defendants Harrison sold the property by a contract for deed in February 1958. Wilbur and Muriel Petersen acquired the vendee's interest in November 1963. Plaintiff failed to join them although they were in possession and ordered the work done. The action was brought against the vendors, C. C. Harrison and Evelyn Harrison, on the theory the work was authorized by their agents. This appeal is taken by the Harrisons from a judgment imposing a lien on their security interest. The only issue which we deem necessary

for decision is whether Minn. St. 514.06 imposes on the vendors the burden of proving that the improvements were made without their knowledge or consent.[1]

In December 1963 the labor and material here in question were furnished at the Petersens' request. Although plaintiff claims that the work was authorized by an agent of the Harrisons, there is nothing in the record to support his position. The defense asserted by the Harrisons was the failure of plaintiff to join the Petersens as indispensable parties under § 514.14 and Rules 19.01 and 19.02, Rules of Civil Procedure.[2] The trial

---

[1] Minn. St. 514.06 provides: "When land is sold under an executory contract requiring the vendee to improve the same, and such contract is forfeited or surrendered after liens have attached by reason of such improvements, the title of the vendor shall be subject thereto; but he shall not be personally liable if the contract was made in good faith. When improvements are made by one person upon the land of another, all persons interested therein otherwise than as bona fide prior encumbrancers or lienors shall be deemed to have authorized such improvements, in so far as to subject their interests to liens therefor. Any person who has not authorized the same may protect his interest from such liens by serving upon the persons doing work or otherwise contributing to such improvement within five days after knowledge thereof, written notice that the improvement is not being made at his instance, or by posting like notice, and keeping the same posted, in a conspicuous place on the premises. As against a lessor no lien is given for repairs made by or at the instance of his lessee."

[2] Section 514.14 provides in part: "If upon the trial of such action, or at any time before the execution of final judgment therein, it shall transpire that any proper party who may still be brought in has been omitted, or that any party then entitled to answer has not yet appeared, or that for any other reason the trial or judgment should be delayed, or the judgment as ordered or entered be modified, the court may postpone the trial, or make such other or further order in the premises as shall be just."

Rule 19.01, Rules of Civil Procedure, at the time of this action provided in part: "Subject to the provisions of Rules 19.02 and 23, persons having a joint interest which is not also a several interest shall be made parties and be joined on the same side as plaintiffs or defendants."

Rule 19.02 provided: "When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to service of process, the court shall order them summoned to

court held that defendants were at liberty to join the Petersens and plaintiff's failure to do so was not fatal. It found as a fact that the Harrisons had notice of the improvements but neglected to post disclaimer or serve notice on plaintiffs as required by § 514.06. The relief granted imposed a lien on the Harrisons' interest but a personal judgment against them was denied.

Although the court's finding that the Harrisons had notice of the improvements has no support in the evidence, it was apparently based on a construction of Stravs v. Steckbauer, 136 Minn. 69, 161 N. W. 259, and § 514.06. In a memorandum made a part of its findings, the court stated:

"* * * There was no evidence that the vendors ever gave or posted a notice of disclaimer, nor was there any evidence given that they had no knowledge of the improvement. Therefore under existing law, their vendor's interest is subject to the foreclosure of the lien."

Although the rule adopted by the trial court seems to find support in the Stravs case, the language in that opinion cannot be reconciled with the statute or with decisions rendered prior or subsequent to it.

Under § 514.06, "* * * Any person who has not authorized [improvements] may protect his interest from such liens by serving upon the persons doing work or otherwise contributing to such improvement within five days *after knowledge thereof,* written notice that the improvement is not being made at his instance, or by posting like notice, and keeping the same posted, in a conspicuous place on the premises." (Italics supplied.)

In Stravs, work was commenced on an apartment building with the knowledge of one coowner but not the other. We held the mechanics lien attached to the interest of both the owners, stating (136 Minn. 71, 161 N. W. 260):

"* * * By this provision a presumption of consent to improvements

appear in the action. The court in its discretion may proceed in the action without making such persons parties if its jurisdiction over them can be acquired only by their consent or voluntary appearance, but the judgment rendered therein does not affect the rights or liabilities of absent persons."

is raised, *prima facie* at least, against the owner, and, if he does not consent but wishes to protect his interests, he must do so by serving or posting notices, and the burden of proving such notice is upon the owner."

Shortly thereafter, in Berglund & Peterson v. Abram, 148 Minn. 412, 182 N. W. 624, we recognized the rule that a lien may not be imposed on the interest of one who does not have knowledge of the improvements. There we stated (148 Minn. 414, 182 N. W. 625):

"* * * But it is also well settled that the legislature may provide by statute that improvements made *with the knowledge of the landowner* shall be deemed to have been made at his instance, unless he disclaims responsibility therefor in the manner and within the time prescribed by the statute." (Italics supplied.)

All of the other Minnesota decisions which have been called to our attention are predicated on actual knowledge of the improvements and not on a "presumption of consent" as the Stravs case seems to suggest. Schreiber v. Scott, 163 Minn. 422, 423, 204 N. W. 575; Brown v. W. W. Heffelfinger Realty Co. 159 Minn. 182, 185, 198 N. W. 424, 425; Fauser v. McElroy, 157 Minn. 116, 195 N. W. 786; Rockey v. Joslyn, 134 Minn. 468, 158 N. W. 787; McCausland v. West Duluth Land Co. 51 Minn. 246, 53 N. W. 464.

The statute itself states that the owner is deemed to have authorized improvements but goes on to provide that he may protect himself by serving or posting notice "within five days after knowledge thereof." Clearly the legislature intended to authorize a lien on a vendor's interest only if he had actual knowledge and remained mute. It was not intended to "presume consent" in the absence of actual knowledge. The burden of proof is on the plaintiff to establish his right to a lien. Schreiber v. Scott, 163 Minn. 422, 204 N. W. 575. We therefore hold that, in order to impose liability on the Harrisons' interest as vendors, the plaintiff had the burden of proving the Harrisons or their agent had actual knowledge of the improvements. It is then incumbent on the vendors to sustain their burden of proving they have complied with § 514.06 by serving or posting notice. To the extent a contrary inference may be drawn from

our decision in Stravs v. Steckbauer, *supra,* it is overruled. The matter is therefore remanded to give plaintiff an opportunity to show that the Harrisons or their agent had actual knowledge of the improvements. In the event the plaintiff is unable to prove such knowledge on the part of the Harrisons, the trial court will amend its findings and conclusions accordingly and enter judgment for defendants.

Remanded.