Gerald BERKS, d/b/a G & G Remodeling, Appellants,

v.

Lon E. OBERPRILLER, et al., Defendants,

Allan J. Gulden, as Conservator of the Estate of Laura B. Mortimer; et al., Respondents.

No. C3-89-831.

Court of Appeals of Minnesota.

Dec. 12, 1989.

Review Denied Feb. 9, 1990.

George L. May, Hertogs, Fluegel, Sieben, Jones & LaVerdiere, P.A., Hastings, for appellants.

G. Scott Hoke, Thomson, Wahlfors, Moran & Groth, Ltd., Minneapolis, for respondents.

Heard, considered and decided by PARKER, P.J., and CRIPPEN, and BOWEN,* JJ.

## OPINION

CRIPPEN, Judge.

Appellant seeks foreclosure of a mechanic's lien. The trial court agreed with respondents, past and present owners of the property, that the lien was invalid because the improvements were not duly authorized by the owner of the vendor's interest to the property. The trial court further found that the lien failed because appellant served a lien statement only on a former contract for deed vendee. We reverse and remand for completion of foreclosure proceedings, concluding that the lien was valid and properly served.

* Acting as judge of the Court of Appeals by ap-

## FACTS

In the spring and fall of 1985 appellant made home improvements at the request of Lon and Nancy Oberpriller, who lived on the premises as the vendees on a contract for deed. The Oberprillers made many other improvements between 1982 and 1985. The trial court found that these improvements included replacing the furnace, reroofing, installing new windows, painting exterior trim, masonry work, and interior renovation.

In September 1985, the vendor cancelled the Oberpriller's contract for deed. The redemption period on the cancellation expired in November 1985. The present owners, respondents Rausch and Crane, acquired title from the vendor and also purchased rights of mortgagees of the Oberprillers' interest; these mortgagees foreclosed in proceedings where redemption rights also expired in November 1985.

Appellant filed a lien statement in March 1986 and served a copy on the Oberprillers, who remained in possession as tenants. In October 1986, foreclosure proceedings on the lien were commenced against the Oberprillers, the contract vendor's conservator, the prior mortgagees, the current mortgagors, the current mortgagee, and two other lien claimants. The trial court dismissed the action, concluding that the lien claim could not succeed. We have reviewed and now reject each of respondents, theories for dismissing the foreclosure proceedings.

## ISSUES

1. Do respondents Rausch and Crane have a source of title through the contract vendor which was never affected by the lien claim?

2. Did appellant comply with statutory law by serving a lien statement on the party who had originally entered into the contract for the improvements?

## ANALYSIS

1. Vendor's knowledge of improvements.

Minn.Stat § 514.06 (1988) governs the effectiveness of lien claims against a contract

pointment pursuant to Minn. Const. art. VI, § 2.

vendor. The statute provides that all persons with an interest in land that has been improved, "shall be deemed to have authorized such improvements in so far as to subject their interest to liens" for those improvements. Minn.Stat § 514.06. If a party has in fact not authorized the improvements, they can protect their interest from the liens by serving the person doing the work or posting notice on the premises, stating that the improvement was not requested by that party. *Id.* The party with an interest must complete service or posting within five days after they first know of the improvements. *Id.* Thus the party with an interest in the land can also avoid the liens if that party has no knowledge of the improvements. *See, e.g., Anderson v. Harrison*, 281 Minn. 95, 98, 160 N.W.2d 560, 562 (1968) (burden on lienor to prove vendor's knowledge).

■ Here, there was no posting or notice to appellant. However, the trial court found that the vendor did not know of the work of this specific contractor, and thus the court concluded that notice and posting was not needed to avoid the lien. The trial court found that the vendor knew of a furnace installation and some masonry work. The court also noted testimony from Lon Oberpriller that the vendor was aware of other improvements. The trial court's decision rests on a conclusion as a matter of law that a prospective lienholder has no rights where the vendor knows of a course of improvements but does not know of the specific work of that prospective lienholder. To the contrary, the vendor's obligation under section 514.06 arises from knowledge of an "improvement" or "improvements," not solely from knowledge of a specific individual's work or materials. *See, e.g., Nasseff v. Schoenecker*, 312 Minn. 485, 489, 253 N.W.2d 374, 377 (1977) (plumber, electrician and other suppliers protected by liens where owner knew of remodeling improvements and tenant authorized to remodel property for restaurant use); *Snell Sash & Door Co. v. Florsheim*, 217 Minn. 21, 26, 13 N.W.2d 776, 778 (1944) (millworker, along with other claimants, protected by liens when evidence supports finding that vendor knew house remodeling

improvements were occurring). The findings here adequately demonstrate the vendor's knowledge of a course of home improvements and extensive renovation.

■ The trial court further concluded that the lien could not be effective against the vendor because the lien was extinguished by cancellation of the contract for deed. The cancellation has no effect where the lien extends to the vendor's interest. *Gilbert Builders, Inc. v. Community Bank of DePere*, 407 N.W.2d 706, 710 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Aug. 19, 1987).

Similarly, because the trial court viewed the lien as effective only against the vendees' interest, the court concluded that the lien was extinguished by a foreclosure of an earlier mortgage of that interest. We have concluded that the lien is effective against the vendor's interest. Thus it was superior to the claims of the vendees or their assigns, including a mortgagee of the vendees' interest. *Gilbert Builders*, 407 N.W.2d at 710.

2. The service requirement.

Minn.Stat. § 514.08, subd. 1(1) (1988) provides that a lien expires unless a lien statement is filed within 120 days after doing the last of the work, or furnishing of the last item of skill, material, or machinery. In addition, according to a 1973 amendment to the statute, the lien statement must be served on an "owner, or the owner's authorized agent, or the person who entered into the contract with the contractor". Minn. Stat. § 514.08, subd. 1(2) (1988). Here the trial court found that the lien statement was duly filed, but served on Lon and Nancy Oberpriller in March 1986.

The court concluded that the lien statement was ineffective because it was not served on the contract vendor or any other person with an ownership interest. *See Marque Plumbing, Inc. v. Barris*, 380 N.W.2d 174, 179 (Minn.Ct.App.1986) (notice to be given to *"someone* with an ownership interest") (emphasis in original), *pet. for rev. denied* (Minn. Mar. 24, 1986); *Marque Plumbing, Inc. v. Anderson*, 380 N.W.2d

180, 183 (Minn.Ct.App.1986) (same), *pet. for rev. denied* (Minn. Mar. 24, 1986).

 The statute expressly permits service on the person who entered into the contract for improvements. This portion of the statute has never been addressed by an appellate court. *Cf. Minnesota Wood Specialties, Inc. v. Mattson*, 274 N.W.2d 116, 119 (Minn.1978) (no need to serve person who entered into contract where court finds valid service on a contract vendor and its conveyee). The *Marque Plumbing* opinions state the need for service on an owner, but do not address the alternative provision for service on the person entering into the contract. Moreover, *Marque Plumbing* dealt with a lienholder who had ample reason to know, when the statement was served on a prior owner, a developer, that another party had purchased the property. Here the Oberprillers continued to occupy the property and there is no evidence that appellant had like reason to believe ownership had changed from November 1985 to March 1986.

Respondents contend that the foreclosure of the Oberprillers' interest and cancellation of the contract for deed were matters of record that appellant is responsible to know. *Hughes v. Monnahan*, 282 Minn. 407, 410–11, 165 N.W.2d 231, 234 (1969) (contractor is bound to know that a person contracting for work has an ownership interest at the time of the contract). No doubt there is an equity in this argument. We are not, however, at liberty to disregard express statutory language on the subject. *State v. Theo. Hamm Brewing Co.*, 247 Minn. 486, 497, 78 N.W.2d 664, 670 (1956); Minn.Stat. § 645.16 (1988). Moreover, we are compelled to construe the law liberally for the lienholder. *Armco Steel Corp. v. Chicago and N.W. Ry. Co.*, 276 Minn. 133, 137, 149 N.W.2d 23, 26 (1967). *See also Minnesota Wood*, 274 N.W.2d at 119 (no burden on lienholder that is not plainly set forth in the statute, specifically section 514.08). Finally, we note that the evident purpose of the service requirement is to protect owners who may pay a general contractor without knowing of a subcontractor's lien. *Minnesota*

*Wood*, 274 N.W.2d at 119. A decision for the lienholder here does not detract from that purpose.

Reversed and remanded.