WILLIAM F. DAVIDSON

*vs.*

L. E. BARNES, W. K. GASTON, *et al.*

THE SAME

*vs.*

THEODORE DAMON, W. K. GASTON, *et al.*

Under the act approved Feb. 3, 1862, entitled " An act to amend section eighty of chapter seventy-one of the revised statutes relating to writs of execution," if, upon a judgment against several defendants, execution was issued upon the judgment against all the defendants, and levied upon the individual property of one of the defendants, within five years from the entry of the judgment, although the levy was rendered ineffectual by operation of law without irregularity or default in the sheriff or plaintiff, the lien of the judgment is preserved.

The provision of the *Gen. Stat. ch.* 66, *sec.* 254, limiting the lien of judgments .o ten years, does not apply to judgments entered and docketed prior to the time it took effect, the lien of which had been preserved under the act approved Feb. 3, 1862, following Davidson v. Gaston, 16 *Minn.* 230.

*Sec.* 262 of *ch.* 66. of the *Gen. Stat.* requires only that execution upon a judgment should be issued within ten years after the entry thereof; following Davidson v. Gaston.

Actions to determine adverse claims to certain unoccupied · real estate.

In each case the plaintiff claimed title as grantee of the heirs of Wm. H. Randall who on the 29th September, 1857, was the owner in fee of the real estate in question, and who died seized thereof, and intestate, in the year 1861.

The defendant Gaston claimed title under an execution sale. The judgment upon which the execution was issued was rendered and docketed against Randall and others, September 29th, 1857, the execution was issued September 28th, 1867, and the land sold thereunder December 10th, 1867, the proper certificate being given to the purchaser and recorded Decem-28th, 1867.

A former execution upon the same judgment was issued, levied, and returned under the circumstances stated in the opinion.

A jury trial being waived, the district court for Ramsey county ordered judgment for the defendant Gaston, and the plaintiff appeals.

ALLIS, GILFILLAN & WILLIAMS, for Appellant.

GASTON & LEWIS, for Respondent.

*By the Court.*—McMILLAN, J.—The judgments upon which the title of the defendant Gaston in each of these cases rests, were rendered in actions, in each of which Thomas Daly was plaintiff and Wilber M. Hayward, William H. Randall, Charles G. Petteys, James Y. Caldwell, William J. Brunson and James L. Farwell were defendants. The judgments were entered and docketed on the 29th of September, 1857, each for the sum of $1,228.86, and on the same day executions upon the said judgments were issued and delivered to the sheriff, and on the 2d day of October, 1857, the sheriff duly levied upon certain goods and chattels, the property of said James L. Far-

well, one of the defendants in the executions respectively; after the levy and before any sale of said goods by the sheriff, the same were taken from the possession of the sheriff by the coroner of the same county under legal process at the suit of one William L. Yates; on the 28th of November, 1857, the said executions respectively were returned by the sheriff with return thereon endorsed, in one case, that he had "levied upon such personal property describing the same," in the other case that he had "levied upon the interest of said James L. Farwell in certain goods and chattels therein described," and, in both cases, that said goods and chattels were taken out of his possession by the coroner of said Ramsey county at the suit of William L. Yates.

Upon this state of facts the question is presented whether these proceedings were sufficient under the act approved Feb. 3d, 1862, to preserve the lien of the judgment as to the defendant Randall.

The act referred to provides, "When no execution shall have been issued and levied, or returned no property found, within five years from the time of the entry of judgment, the lien of the judgment shall be determined, and the property of the judgment debtor discharged therefrom." *Sess. L.* 1862, *p.* 82.

The executions issued upon these judgments were issued against all the defendants. The levy upon the personal property of James L. Farwell having been rendered ineffectual by the removal of the property from the custody of the sheriff under legal process in a suit at law, the sheriff properly returned the execution to the court out of which it issued, with a statement of the facts embodied in his return.

The facts show, then, the issuance of an execution against all the defendants; and a levy upon the individual property of one of the defendants, which was rendered ineffectual by

operation of law without irregularity or default in the sheriff or plaintiff in the execution. This we think is a compliance not only with the spirit but with the letter of the law of 1862. The lien of the judgment therefore was preserved.

It has already been determined by this court in the case of Davidson *vs.* Gaston decided at the present term that the provision of the *Gen. Stat., ch.* 66, *sec.* 254, limiting the lien of judgments to ten years, does not apply to judgments entered and docketed prior to the time it took effect, the lien of which had been preserved under the act of 1862, and that *sec.* 262 of *ch.* 66 of the *Gen. Stat.* requires only that execution upon a judgment should be issued within ten years which in this case was done.

The proceedings upon the judgment, under which the defendant claims title, are therefore regular and valid, and his title paramount to the claim of the plaintiff.

Judgment affirmed.