GEORGE E. WARNER *vs.* CHARLES M. FOOTE and Wife.

February 12, 1889.

**Action on Contract—Counterclaim for Independent Tort.**—In an action upon contract the defendant cannot, under Gen. St. 1878, c. 66, § 97, set up as a counterclaim an independent cause of action arising in tort.

**Same—Litigation of Counterclaim by Consent.**— But where such counterclaim is litigated by the consent of the parties, upon the merits, it becomes an accepted issue in the action, and it is the duty of the court to determine it.

**Trial by Court—Remedy for Incomplete Findings.**—Where an action is tried by the court, and it fails to find specifically upon all the material issues, the proper remedy is not a motion for a new trial, but to apply to the court for further findings.

Action to foreclose a mortgage, brought in the district court for Hennepin county, and tried by *Searle, J.,* (acting for a judge of the 4th district,) who ordered judgment for plaintiff. A motion for a new trial was denied by *Lochren, J.,* and the defendants appealed.

*Benton, Plumley & Healy,* for appellants.

*Keith, Evans, Thompson & Fairchild,* and *A. Humphreys,* for respondent.

VANDERBURGH, J. In this case the defendant set up a counterclaim for the value of goods sold and delivered. On the trial the evidence in his behalf tended to prove a cause of action for damages for the conversion of the goods, and sounding in tort. The plaintiff expressly consented to the admission of the evidence under the answer, and offered evidence in rebuttal thereof, so that the matter was treated by the parties as a legitimate subject of counterclaim in the action. Under these circumstances the evidence should have been considered by the court, and a finding made thereon. The court made no finding upon the issue thus made by the parties in respect to the counterclaim, on the ground that it did not arise out of contract, and was not therefore the proper subject of counterclaim. As an abstract proposition we see no reason for questioning the sound-

ness of this rule. Gen. St. 1878, *c.* 66, § 97, subd. 2; *Steinhart* v. *Pitcher*, 20 Minn. 86, (102;) *Folsom* v. *Carli*, 6 Minn. 284, (420, 426; 80 Am. Dec. 456.) But the matter in controversy became an accepted issue in the case by the consent of the parties, and it was therefore the duty of the court to disregard the irregularity and find upon the evidence. In *Walker* v. *Johnson*, 28 Minn. 147, (9. N. W. Rep. 632,) followed in *Miss. & Rum River Boom Co.* v. *Prince*, 34 Minn. 71, (24 N. W. Rep. 344,) and *Lace* v. *Fixen*, 39 Minn. 46, (38 N. W. Rep. 762,) it was held that new matter which is not the subject of counterclaim in an action, but pleaded as such, must, if not objected to by demurrer, stand as a proper counterclaim in the case. And so parties may waive the formality of the strict rules of pleading, and by consent try an issue not made by the pleadings; and when they do so the case is to be determined as it would have been if the facts had been properly pleaded. *City of Winona* v. *Minn. Ry. Const. Co.*, 27 Minn. 415, 427, (6 N. W. Rep. 795, and 8 N. W. Rep. 148.) The proper remedy, however, in this case was not by a motion for a new trial, but to apply to the judge who heard the case to complete the record by making a finding upon this counterclaim. And no reason appears why such application might not be made. This practice is well settled in actions tried by the court, without a jury. *Bazille* v. *Ullman*, 2 Minn. 110, (134;) *Conklin* v. *Hinds*, 16 Minn. 411, (457, 462;) *Slosson* v. *Hall*, 17 Minn. 71, (95.)

Order affirmed.