HELEN S. WILLIAMS *vs.* MARGARET SCHEMBRI.

August 19, 1890.

**Vendor and Purchaser—Guardian's Deed Held not to Make Good Title.**—The plaintiff, who had contracted personally for the sale of certain land to the defendant, sues for a specific performance. The plaintiff had title to only an undivided one-third of the land, the remaining two-thirds being in infant wards of the plaintiff. After the making of the contract, the plaintiff, as guardian, petitioned the probate court for license to sell the estate of her wards at private sale, which license was granted. *No sale was made pursuant to that license*, but a report was made showing a sale to this defendant, which was confirmed, and a deed ordered to be executed. A guardian's deed was executed and tendered to the defendant, reciting that a sale had been made. The plaintiff also tendered her own deed of the premises. *Held*, that the defendant was not required, under the contract, to accept such a title, as respects the estate of the infants.

**Trial by Court—Judgment Ordered without Findings—Remedy for Omission.**—A cause tried by the court without a jury having been fully submitted for adjudication, and the court having thereupon directed a judgment on the merits, without having made any express findings upon the issues, *held*, that the remedy for this omission of the court is by application to the court to correct its own omission, and not by appeal from the judgment.

Action brought in the district court for Ramsey county, by vendor against purchaser, for specific performance. At the trial before *Otis*, J., when plaintiff rested, the defendant offered no evidence, the case was submitted, and the defendant moved for judgment on the pleadings and proofs. The court thereupon ordered judgment for defendant on the merits, the plaintiff excepting. Judgment was entered pursuant to the order, and the plaintiff appealed.

*Davis, Kellogg & Severance*, for appellant.

*John B. & W. H. Sanborn*, for respondent.

DICKINSON, J. In May, 1888, the plaintiff entered into a written contract with the defendant for the sale to the latter of certain land in this state, in consideration of a price therein specified to be paid. She

now prosecutes this action to compel a specific performance of that contract by the defendant. Upon the trial, the case having been submitted by both parties for decision, the court at that time directed judgment for the defendant. The grounds upon which this determination of the court was based are not disclosed. If for any reason the decision was justifiable upon the case presented, it should be sustained, and the judgment from which this appeal is taken should be affirmed.

At the time of the making of the contract the plaintiff was the owner of only an undivided one-third of the property, the remaining two-thirds being in her infant children, of whom she was guardian. The contract sought to be enforced was made by the plaintiff, through her agent, as her personal contract of sale, and her personal obligation to convey by good and sufficient warranty deed, upon compliance with the prescribed conditions as to payment. One hundred dollars of the purchase price was paid to her. The contract provided that if the title should be found to be unmarketable, and such defect could not be cured within a reasonable time, the agreement should be void, and the payment made should be refunded. The plaintiff never acquired title to more than the undivided one-third of the property, but, some six months after the making of the contract, tendered to the defendant a deed of the whole property, executed by her, and a guardian's deed of the estate owned by her wards. The plaintiff assumed to show, chiefly by the admission of facts by the defendant at the trial, the authority conferred by the probate court to make this conveyance of the estate of the infants. Without here stating fully the several steps taken, which may be deemed to have been generally regular and in conformity with the statute, we now refer only to such facts thus shown as are deemed to disclose defects which justified the court, in the trial of this cause, in the conclusion that the title so tendered was of such questionable validity that the defendant should not be compelled to accept it. Some time after the plaintiff had entered into the contract with the defendant, she, as guardian, made her petition to the court for license to sell the estate of the infants at private sale. An order or license was thereupon granted to sell the estate at private sale. The report of the guardian showed that she had sold

the interest of her wards to this defendant. This was confirmed, and a deed ordered to be executed. The deed tendered to the defendant recited a sale as having been made to the defendant on the 1st day of December, 1888, by virtue of the order and license of the court, for a price stated, which, allowing for interest, is approximately equivalent to two-thirds of the price for which the plaintiff had personally contracted to sell the land to the defendant.

The authority of the guardian, it will be seen, was *to sell the estate of her wards at private sale.* This implied the duty on the part of the guardian, which also her relation to her wards imposed upon her, independent of the express terms of the order, to sell for the best price obtainable, without regard to who might be the purchaser. No sale was ever made by the guardian under that authority, and the recital in the deed of such a sale having been made on the 1st day of December is untrue. When the probate proceedings were completed so far that the guardian had authority to sell, the defendant, upon application being made to her, refused to take the property pursuant to the contract which had been made with the plaintiff personally, and no other contract of sale appears to have been made. Indeed it is apparent from the whole case that there was no attempt by the guardian to sell the property under the order of the court, in the ordinary and proper sense of the term. The fact seems to have been that after the plaintiff had personally contracted to sell the land, of which she only owned an undivided one-third part, this proceeding was instituted in the probate court, with the view of transferring to the other party to that contract, in performance of the personal obligations of the plaintiff, the estate of her infant wards in the same land. This, of course, may have all been done in good faith, and in the belief that it was for the interest of the infants; and it may be assumed that if the whole facts had been presented to the probate court, it might have been justified in authorizing a sale to be made, which would in effect have operated as a performance of the personal obligation of the guardian. But, in view of the apparent conflict between the interests of the plaintiff growing out of her personal obligation to convey the whole land to the defendant for an agreed price, and her duty as guardian to sell the interest of her

wards to the best advantage, or to refrain from disposing of it at all, if that would be most for their interest, no court would authorize or sanction such a conveyance as the plaintiff seeks to compel the defendant to accept, unless upon the most satisfactory affirmative proof of the good faith of the guardian, and that such conveyance would be really for the interest of the infants. *King* v. *Remington*, 36 Minn. 15, 25, 26, (29 N. W. Rep. 352;) 1 Perry, Trusts, §§ 194–196. It does not appear that a case was presented to the probate court invoking its authority to make, or its approval of, such a disposition of the property as is sought to be effected by compelling the defendant to accept this guardian's deed. So far as appears from the case, it is so questionable at least whether the infants might not hereafter avoid the deed that the defendant ought not to be compelled to take such a title, founded upon facts which in equity would upon their face be regarded as a breach of the duty imposed by the fiduciary relation, and as presumptively fraudulent. But, however this may be, it is enough to sustain the decision of the court below that the authority and order of the probate court was to sell the land; that it has not been sold by the guardian pursuant to that order; and that the recital in the guardian's deed of such a sale is untrue. It is only through this probate proceeding, and by assumed conformity with the order of sale, that the plaintiff claims to have tendered, or to be able to make, a good title to the defendant. The plaintiff appears to be in the situation of being unable to make a title to the defendant of the lands which were the subject of the contract, unless the defendant shall be found to have purchased the interest of the infants, pursuant to the license to sell the same granted by the probate court long after the making of the contract now sought to be enforced. Without referring to other things, it is enough to say that the guardian does not appear to have made any sale, nor the defendant to have purchased, under the license of the probate court.

The appellant contends that the judgment must be reversed because the court directed it to be entered at the close of the trial, without having made express findings of fact. Similar questions of practice have been presented in cases where the findings of the court have been in terms broader than may have been intended, or not suffi-

ciently distinct and specific,—*Schulte* v. *First Nat. Bank*, 34 Minn. 48, (24 N. W. Rep. 320;) *Smith* v. *Pendergast*, 26 Minn. 318, (3 N. W. Rep. 978;) *Slosson* v. *Hall*, 17 Minn. 71, (95,)—in which cases it was held that the proper remedy was to apply to the court for the correction of the findings. So in *Warner* v. *Foote*, 40 Minn. 176, (41 N. W. Rep. 935,) it was held that, where the court fails to find specifically on all the material issues, a motion for a new trial is not the proper remedy, but rather a motion to make further findings. Properly, in a case tried by the court and submitted for decision on the merits, findings should be made upon the matters in issue; but, as it is to be presumed that if application had been made to the court therefor it would have made its findings, the neglect to make such application should be deemed a waiver of the objection here urged. There is no good reason why a remedy by appeal should be prosecuted, and a new trial be directed, for an omission which could and presumably would have been cured by asking the trial court to set forth the conclusions of fact upon which its direction for judgment was based. The proper practice in such case is indicated in *Bazille* v. *Ullman*, 2 Minn. 110, (134;) *Califf* v. *Hillhouse*, 3 Minn, 217, (311;) *Conklin* v. *Hinds*, 16 Minn, 411, (457, 461-2.) A distinction is to be observed with respect to jury trials, as in *Woodling* v. *Knickerbocker*, 31 Minn. 268, (17 N. W. Rep. 387.) In such a case the practice above indicated would be obviously impracticable.

Judgment affirmed.