ANNA BAHNSEN vs. JOHN GILBERT.

Argued Oct. 31, 1893.   Reversed Nov. 29, 1893.

55  334
68  455

No. 8179.

The holder of a Note is presumed to own it.

The payee and holder of a promissory note is presumptively its owner.

Findings of fact defective.   Application to correct.

A finding by the trial court that the allegations of fact in the complaint are true is insufficient and defective when there are issues raised by the answer which the evidence tends to support to be passed upon.   The rule that an application should be made in such case to the court for amended findings does not apply where there is no opportunity to make such application.

A Judge who did not hear a case cannot decide it.

The successor of the trial judge is not authorized or warranted in deciding, or in making findings of fact in, a case not tried by him.

If the Judge who heard the trial fail to decide it.

And where, in such case, material issues are not passed upon and disposed of on the trial of the cause, it is deemed a mistrial, and another trial must be had.

The successor in office of the Judge may settle a case.

A district judge may settle the case in an action tried by his predecessor.

Errors in settling it how corrected.

Irregularities in settling a case cannot be reviewed on appeal from the judgment.

Appeal by defendant, John Gilbert, from a judgment of the District Court of Polk County, *Ira B. Mills*, J., entered January 13, 1893.

On January 29, 1889, defendant made his promissory note for $500 and interest at ten per cent. a year payable on December 1, 1889, to the order of plaintiff, Anna Bahnsen.   He delivered it to her deceased husband for her and afterwards paid $232.85 thereon. She brought this action October 23, 1891, on the note to recover the balance.   The defendant answered that on the date of the note he owed plaintiff's husband, Doctor W. J. Bahnsen, $235 for medical services and borrowed of him that day $230 in money and gave

to him the note in suit, bearing interest at 10 per cent. a year. That $35 thereof was a bonus for making the loan and for giving further time for payment of the debt and that the note was for that reason usurious and void. Plaintiff replied denying the usury. The issues were tried March 19, 1892. A jury was waived. Findings were not made and filed until December 28, 1892. They were as follows;

"I find as matters of fact that all the allegations of fact in the complaint are true. As conclusions of law, that plaintiff is entitled to judgment against defendant for $321.40 with interest at ten per cent. a year from March 1, 1890, with costs and disbursements. Let judgment be entered accordingly."

No application was made for further findings. The Judge's term of office expired on January 1, 1893. Notice was given, the costs taxed and judgment entered January 13, 1893, for $430.85. Defendant gave bond and served notice of appeal to this Court on January 28, 1893. He made a case and on February 25, 1893, served a copy and gave notice that he would on March 6, 1893, present it for settlement before Hon. *Frank Ives,* successor of Hon. *Ira B. Mills.* On that day plaintiff appeared and objected that the time for serving and settling a case had gone by, that judgment had been entered, an appeal taken, and that Judge *Mills* who heard the trial had gone out of office. Judge *Ives* overruled the objections and made an order that the transcribed shorthand notes of the stenographer, taken at the trial, be allowed and filed as the case in the action; and he made a certificate that the case so made contained all the evidence given and exceptions taken on the trial. The Clerk of the District Court returned to this Court a certified copy of the judgment roll with the case attached, together with all the notices, orders and files in the action. The plaintiff made no motion in this Court to correct or strike out any part of this return. The appeal was set for argument here, without objection, and upon the day appointed was argued upon the merits.

*A. C. Wilkinson,* for appellant.

The finding of the Court that the allegations of the complaint are true does not find upon all the questions at issue in this action, because all the allegations of the complaint may be true and yet

the note be usurious.    The defendant is entitled to have that ques-
tion, presented by his answer, passed upon by the Court.    For this
reason the judgment should be reversed.

The District Court retains jurisdiction to allow amendments to
the record, and to settle a case after an appeal has been taken,
but before the return has been made and sent to the Supreme Court.
*Pratt* v. *Pioneer Press Co.,* 32 Minn. 217; *State S. & D. Manuf'g
Co.* v. *Adams,* 47 Minn. 399; *Swanstrom* v. *Marvin,* 38 Minn. 359.

*A. A. Miller,* for respondent.

The Court finds all the allegations of the complaint to be true.
This was a sufficient finding to sustain the judgment.    *School Dist.*
v. *Wrabeck,* 31 Minn. 77.

The remedy for failure of the Court to find upon a material issue
in a case tried before it, is by motion for an amendment of the find-
ings.    *Conklin* v. *Hinds,* 16 Minn. 457; *Warner* v. *Foote,* 40 Minn.
176; *Williams* v. *Schembri,* 44 Minn. 250; *Shulte* v. *First Nat. Bank
of M.,* 34 Minn. 48; *Smith* v. *Pendergast,* 26 Minn. 318; *Slosson* v.
*Hall,* 17 Minn. 95.

VANDERBURGH, J.    The action is upon a promissory note executed
to plaintiff by defendant, upon which a balance is claimed to be due.

The defendant alleges that the consideration of the note moved
from the husband of the plaintiff, and that the face of the note,
which bears interest at ten per cent., covers the sum of $35, not
actually received by him but which was included in the amount
thereof as a bonus or usurious charge for the use and forbearance
of the sum loaned in addition to the ten per cent. rate of interest
called for by the note.

The case was tried without a jury, and the court found generally
"as matters of fact that all of the allegations of fact in plaintiff's
complaint are true."    This included the issue of the ownership of
the note by plaintiff.    The fact of its execution to her and of its
possession was sufficient evidence of that, and of her right to sue
upon it.

But there is no finding covering the allegations of usury made in
the answer and denied in the reply.    There is evidence in the case
tending to support the defendant's allegations upon this issue.

And if the note was given for indebtedness due to the husband of plaintiff and money advanced by him, or even if the money was due to her, if he had full discretionary power in the matter, the mere fact that the note ran to her would not cut off the defense of usury. The findings are therefore incomplete. It is suggested, however, by the plaintiff's counsel that defendant's remedy (the case having been tried by the court) was to have followed the rule laid down in *Warner* v. *Foote*, 40 Minn. 177, (41 N. W. Rep. 935,) applied in cases tried by the court, on the ground that the trial court in such cases may amend its findings upon the proper application, which should be duly made to that court, and which was not done in this case. But the conclusive answer to this objection is that there was no opportunity to apply to the judge who tried the case, because his official term expired so soon after the decision was filed that there was no opportunity to make such application. His successor could not decide or make findings in a case not tried by him. So the case must stand as an exception to the rule referred to, and on the same basis as if tried by a jury, and an incomplete special verdict rendered.

In other words, the issues not being disposed of, there was a mistrial. *Pint* v. *Bauer*, 31 Minn. 7, (16 N. W. Rep. 425;) *Crich* v. *Williamsburg City Fire Ins. Co.*, 45 Minn. 444, (48 N. W. Rep. 198,) and cases cited. The case, though made and settled after judgment, was in time, and was properly included in the return subsequently made to this court, notwithstanding the fact that the notice of appeal had already been served.

We see no reason why the successor of the trial judge who tried the case was not competent to settle the proposed case, which was done upon due notice, and after hearing the parties, upon the stenographer's minutes of the evidence and proceedings upon the trial.

It is also objected that the application to settle the case should not have been entertained, because the time for making a case had then passed by. This objection cannot be sustained. We do not, of course, hold that the trial judge could arbitrarily disregard the statute, though he might, upon a proper showing, in his discretion, relieve a party from his default. But the error complained of is one which affects no substantial right, and it will not be considered on appeal from the judgment. Besides, if the case was not proper-

338       MINNESOTA REPORTS, vol. 55.

ly made a part of the record, the plaintiff should have moved to strike it from the return. *Mower* v. *Hanford*, 6 Minn. 542, (Gil. 372.)

Judgment reversed, and new trial ordered.

(Opinion published 56 N. W. Rep. 1117.)