## A. D. ROCKEY v. COLIN C. JOSLYN.[1]

July 21, 1916.

Nos. 19,892—(250).

**New trial — omission to make finding on material issue.**

Foreclosure of mechanic's lien. Appellant, holding the legal title, subject

[1] Reported in 158 N. W. 787.

to a contract of purchase, pleaded ignorance of the improvements ordered by the vendee and that therefore he was not bound by failure to post notice. The court omitted to find upon this defense and appellant failed to ask for such finding. He moved for a new trial upon the ground of accident and surprise, newly discovered evidence and because the decision was not justified by the evidence and was contrary to law. He appealed from the order denying his motion. *Held*: The trial court did not abuse its discretion, but the affirmance was without prejudice to the right of any party to the action to request the trial court to find on the issue litigated. [Reporter.]

Action in the district court for Hennepin county to recover $325 for labor and materials furnished to defendant Meyers and to foreclose a mechanic's lien for the same upon the premises described in the complaint. The case was tried before Hale, J., who made findings that defendant Joslyn was owner in fee of the premises, subject to a contract for a deed thereof by virtue of which defendant Meyer and his wife entered into possession of the premises, and ordered judgment in favor of plaintiff and certain of the defendants for the amounts specified, declaring the amounts to be specific liens superior to the interest of defendants Joslyn and defendants Meyers, and decreed that the property should be sold to pay the judgments. From the order denying his motion for a new trial, defendant Colin C. Joslyn appealed. Affirmed without prejudice to the right of any party to the action to ask the court to find on the issues litigated.

*C. C. Joslyn, pro se.*
*Herbert T. Park, for respondents.*

PER CURIAM.

Defendant Meyers was in possession of a lot and house under a contract of purchase, when defendant Joslyn acquired the legal title subject to contract. Meyers made alterations and improvements for which plaintiff and the other defendants furnished material. Not being paid, liens were filed therefor and this action brought to foreclose the same. The court made findings and as conclusion of law declared the liens prior and superior to the interests of Meyers and Joslyn. No question is made except as to subjecting the interests of Joslyn to the liens. Joslyn moved for a new trial upon the ground of accident and surprise, newly discovered evidence, "and that the decision of the court herein is not justified by the evidence and is contrary to law." This appeal is from the order denying the motion.

Joslyn testified that he did not authorize the improvements and did not know of their being undertaken until after the completion thereof, whereas Meyers testified that he told Joslyn what was being done while the work was under way. After the trial Joslyn procured an affidavit from Meyers to

the effect that he was mistaken in his testimony as to dates. This constitutes the basis for the claim of accident, surprise and newly discovered evidence. The learned trial court, who saw the parties, observed how Meyers was placed upon the stand, and how he stood the searching cross-examination to which he was subjected by Joslyn, was in far better position than this court to determine whether there was legal accident or surprise to Joslyn in the testimony of Meyers, and whether the latter's change of front was upon worthy motives so that it might be considered newly discovered evidence; and we are not able to discern abuse of discretion in the determination made.

Improvements upon real estate are presumed to be made upon authority of the legal owner. G. S. 1913, § 7024. Joslyn pleaded as a defense that he had not authorized the improvement and had no knowledge of any being made, therefore was not bound by the failure to post notice. No specific findings were made upon this defense. It is plain that neither counsel nor court noticed the omission until after the appeal. The ground assigned in the motion for a new trial "that the decision * * * is not justified by the evidence and is contrary to law" does not suggest the defect in the findings. It, however, admits of no doubt that the knowledge of Joslyn of the improvements and his failure to post notice were the controlling factors which led the court to decide that his interests should be subject to the liens. The affidavits of accident, surprise and newly discovered evidence were directed exclusively to Joslyn's want of knowledge. Hence the failure to find upon the defensive issue was a mere oversight.

The court has power to supply an omission in the findings even after judgment. Conklin v. Hinds, 16 Minn. 411 (457). On appeal from a judgment there will be an affirmance even though a material finding is wanting, when it clearly appears that its omission was an oversight and the evidence is conclusive as to what it should be. Menzel v. Tubbs, 51 Minn. 364, 53 N. W. 653, 1017. The litigant who is dependent for his cause of action or defense upon a finding upon an issue tendered by him should request the court to find thereon. Bryant v. Lord, 19 Minn. 342 (396). In Warner v. Foote, 40 Minn. 176, 41 N. W. 935, it was held that the proper remedy for the omission to find upon an issue litigated was not by motion for new trial, but by application to the court for a finding. This practice is approved in Williams v. Schembri, 44 Minn. 250, 46 N. W. 403; Bahnsen v. Gilbert, 55 Minn. 334, 56 N. W. 117 (wherein the facts created an exception); Turner v. Fryberger, 99 Minn. 236, 107 N. W. 1133, 109 N. W. 229; and it was followed in Gross Iron Ore Co. v. Paulle, 132 Minn. 160, 156 N. W. 268. There having been no application to the trial court in the motion for a new trial for findings upon the issues mentioned, nor any suggestion therein that an omission in respect

thereto had occurred, appellant should not be allowed to urge in this court for the first time the absence of findings upon his defensive issues as a ground for reversal of the order denying a new trial.

The order is affirmed, but without prejudice to the right of any party to the action to request the trial court to find on the issues litigated.