ELEANOR MORRISSEY v. GEORGE R. MORRISSEY.[1]

July 1, 1927.

No. 26,071.

**Statute requires that facts found and conclusions of law shall be stated separately in writing, when all facts are tried by the court.**

Under G. S. 1923, § 9311, where the issues of fact were all tried to the court, the plaintiff was entitled to have the facts found and the conclusions of law separately stated in writing, and judgment entered accordingly.

Trial, 38 Cyc. p. 1962 n. 70, 71.

[1]Reported in 214 N. W. 783.

Plaintiff appealed from a judgment of divorce of the district court for Hennepin county, Bardwell, J. Reversed and remanded.

*Mead & Bryngelson,* for appellant.

*Sherman Child* and *Lewis Child,* for respondent.

QUINN, J.

Two appeals—one from a judgment granting plaintiff a divorce upon the grounds of cruel and inhuman treatment; the other from an order refusing to modify the findings of fact and conclusions of law, which was not an appealable order.

The plaintiff and defendant were married in June, 1917. There were two children born, the issue of such marriage—Muriel May and Patricia, of the age at the time of the trial in 1925 of seven and five years, respectively. There was apparently no contest at the trial over the question of a divorce, nor as to the custody of the children. The controversy was as to the amount, character, and value of defendant's property and the amount to be allowed in the way of alimony and money to support the children.

Plaintiff procured an accountant to examine the books and accounts of the corporations in which defendant owned stock, who gave testimony in relation thereto. The secretary of the Farnham Printing & Stationery Company, in which a large portion of defendant's money had been invested, was called by plaintiff and gave testimony upon direct and cross-examination in relation thereto. A. J. Nordstrom, salesmanager and buyer for the Williams Stationery Company, in which defendant held stock, was called and gave testimony concerning defendant's holdings in that company. The defendant was called for cross-examination under the statute and gave testimony, covering 50 pages of the record, as to the various items of property which he owned, their value, his liabilities, income and expenses, etc. His testimony as to transfers by him to his brother, Don R. Morrissey, of certificates of stock in the Farnham Printing Company, the Syndicate Company and the Williams Stationery Company, totaling many thousands of dollars in value, discussed at length by counsel on both sides, should have

been and undoubtedly was given careful consideration by the learned trial judge. We have searched the record in vain for a single denial by the defendant of the charges as to his conduct, made and testified to by his wife and other witnesses called on her behalf. The defendant called no witnesses.

It is strongly contended on behalf of the defendant that his total assets do not exceed the sum of $27,000 and that his liabilities were in excess of $19,500, leaving his net worth at approximately $7,000. Upon the other hand, it is just as strongly asserted in behalf of the plaintiff that the defendant's property exceeded the sum of $80,000 with liabilities to the amount claimed on his behalf, leaving his net worth at approximately $61,000. There is also a sharp controversy as to the defendant's income and also as to his necessary and legitimate expenses.

The judgment appealed from, as well as the order upon which it is based, dissolves the bonds of matrimony, awards the care, custody, and control of both children to the plaintiff, subject to the right of defendant to visit them at all reasonable times as therein specifically provided. The order and judgment further decree that the defendant pay to plaintiff, as alimony, for the support, care and maintenance of plaintiff and the children, the sum of $250 per month, beginning with the month of April, 1926, in advance and until the further order of the court.

It was further decreed that the defendant forthwith deposit with the Midland Trust Company the sum of $10,000 in par value of the capital stock of the Farnham Printing & Stationery Company as security for the payment of such support money; that the defendant pay to plaintiff on or before the first day of July, 1926, the sum of $3,000 in cash to reimburse her for the expenses incurred in the preparation and trial of this action; that the defendant turn over to plaintiff the furniture now belonging to defendant, except such pieces as may be shown to be heirlooms; and that defendant pay to plaintiff's attorneys the sum of $500 on or before May 15, 1926, in full of attorneys' fees. Many other matters are contained in the decree not necessary to be here mentioned.

There is no finding by the trial court as to what property the defendant owned, nor as to its value, nor as to his income from the stock which he owned in the several corporations, nor as to his earnings, expenses or liabilities, nor is there a finding as to whether he owns any such stock as he is directed to deposit with the Midland Trust Company, nor as to what amount of the monthly payment of $250 is for the care and support of the children. We think there should be specific findings upon those matters. The defendant has not, in any substantial way, complied with the decree of the court.

The issues of fact were all tried to the court. The plaintiff was entitled to have the facts found and the conclusions of law separately stated, and judgment entered accordingly. G. S. 1923, § 9311; Pioneer L. & L. Co. v. Bernard, 156 Minn. 422, 195 N. W. 140; In re Estate of Roberts, 166 Minn. 315-319, 207 N. W. 629; Goodhue County Nat. Bank v. Fleming, 168 Minn. 50-55, 209 N. W. 533.

The plaintiff by motion asked for amended findings, which motion was denied, and the assignments of error challenging such denial are the only matters here necessary to be considered. The judgment is reversed and the case remanded for the purpose of taking further testimony, if the trial court deems it necessary, and for the making of specific findings as herein indicated.

The plaintiff is allowed costs in this court in the sum of $200.

Reversed and remanded.