[1] Reported in 20 N.W.2d 881.
This is an appeal from a judgment allowing a claim for services rendered by Emma Nelson (hereinafter referred to as claimant) as a practical nurse and housekeeper for Ernest N. Hallock and his wife. Another appeal involving a different claim against the same estate was decided this same day. Hallock v. Anderson (No. 34,033), 221 Minn. 30,20 N.W.2d 884. The Hallocks, residents of St. Louis county, both died intestate, Mrs. Hallock having died on August 23, 1937, and Mr. Hallock on February 28, 1942. In their later years they both required nursing care, as Mrs. Hallock was paralyzed and Mr. Hallock was afflicted with a heart ailment. It is undisputed that claimant rendered services as a practical nurse and housekeeper for both parties for 14 months, until shortly *Page 27 
before Mrs. Hallock's death, and thereafter for Mr. Hallock from August 1939 until his death in February 1942.
Claimant filed her claim for such services in the probate court of St. Louis county against the Ernest N. Hallock estate in the sum of $3,838.20, and it was allowed in the sum of $3,750. An appeal by N.D. Anderson as administrator was taken to the district court, where the findings of the probate court were affirmed. Subsequently, the district court vacated its order affirming the order of the probate court and filed findings of fact and conclusions of law allowing the claim in the sum of $3,360.31.
The trial in the district court was had before the Honorable Bert Fesler. Because of illness, he was unable to preside at the hearing on the motion for amended findings or a new trial, and the motion was heard before the Honorable Mark Nolan, a judge of the same judicial district, who denied the motion after making certain corrections in the conclusions of law to conform to the findings of fact. The claim was finally allowed in the sum of $3,635.31.
The administrator urges as grounds for reversal (1) that the claim should not be allowed because it is one for damages for breach of an oral contract to convey real estate, which contract is within the statute of frauds; (2) that the probate court had no jurisdiction to hear the claim; (3) that the findings of fact and conclusions of law are not sustained by the evidence; and (4) that Judge Nolan had no authority to hear the motion for amended findings or a new trial.
1. We do not agree with the administrator that the claim must be considered an action for damages based upon a breach of an oral contract to convey real estate. It is clearly a claim based upon the reasonable value of services rendered by claimant. It was tried both in the probate and district courts upon that theory, and findings of fact and conclusions of law filed in the district court plainly allowed the claim upon that theory. During the trial in district court, the administrator's attorney, while cross-examining claimant, waived his right to object to the introduction of testimony *Page 28 
showing an oral contract with Ernest Hallock that claimant was to receive his real estate upon his death in consideration of services rendered by her. Thereupon claimant offered evidence showing such an agreement and asked leave of the court to amend her claim to one for damages in the sum of $6,500 for breach of the oral contract to convey the real estate, which was to be in lieu of her claim for reasonable value of services. The court allowed the amendment. Subsequently and before the findings were filed, claimant's counsel made a motion to withdraw the amendment and submit the matter to the court on the evidence as to reasonable value of the services. That motion was supported by an affidavit in which counsel, with commendable frankness, conceded that he was in error in concluding that an action for damages for breach of such an oral contract would lie. The motion was submitted to the court, but no formal order was filed. However, in the court's findings of fact and conclusions of law the claim was allowed as one for reasonable value of services. The administrator urges that, because no formal order was made withdrawing the amendment, the claim remains an action for damages for breach of an oral contract to convey real estate, and therefore that he has a right to assert the defenses of the statute of frauds and lack of jurisdiction.
We think it is clear that the findings of fact and conclusions of law allowing the claim on the theory of reasonable value of services constituted in effect a granting of the motion to withdraw the amendment, and therefore that the claim must be considered here as one for reasonable value of services. An illustrative case in the reverse arises where, on a motion to amend findings, a denial thereof is equivalent to a finding contrary to the request. Herman v. Kelehan, 212 Minn. 349,3 N.W.2d 587; Martens v. Martens, 211 Minn. 369,1 N.W.2d 356. We therefore hold that the claim is one for reasonable value of services; hence we need not consider the issues whether the claim comes within the statute of frauds and whether the probate court lacked jurisdiction. *Page 29 
2. The administrator urges the insufficiency of evidence to sustain the findings. It is undisputed that claimant worked first for both parties and then for Hallock alone, covering a total period of over five and one-half years. The only dispute that arises is as to the reasonable value of her services. Claimant testified that her services were reasonably worth $75 a month in addition to room and board during the time she worked for both parties, and $50 a month in addition to room and board when she was working for Hallock. The administrator offered testimony to show that during the period of claimant's employment the reasonable value of services of a practical nurse was a maximum of $12 a week. However, the evidence reveals that she worked not only as a practical nurse, but also as a housekeeper, performing the services faithfully and efficiently. She had previously earned $100 a month in addition to room and board in other employment, and had extensive experience as a practical nurse and cook. Findings that the services were reasonably worth $75 and $50 a month for the respective periods were clearly justified by the evidence. When the court found that the services were worth $75 and $50 a month "including room and board," we are convinced that it was intended by said findings that the services were worth $75 and $50 a month in addition to room and board.
3. The administrator urges that what claimant received under a civil service disability and retirement certificate should be credited as payment on her claim in the instant case. Her right to the benefits under this certificate was determined in her favor in Anderson v. Nelson, 219 Minn. 433, 18 N.W.2d 140. The finding of the lower court in the case at bar that the designation of claimant as beneficiary in said certificate was not made in payment of her services is not only sustained but compelled by the evidence, as there is not one scintilla of testimony indicating that a credit was so intended.
4. The administrator further contends that Judge Nolan had no authority to hear the motion for a new trial.
Minn. St. 1941, § 484.29 (Mason St. 1927, § 177), provides: *Page 30 
"When the judge who should hear any action, motion, or proceeding is unable to be present, any other judge of the same judicial district may act in his place, except in the trial of causes already begun before the judge so absent; provided that motions for a new trial shall be heard by the judge before whom the cause was tried, if he be still in office and not disabled."
The administrator concedes that Judge Pesler was disabled at the time of the hearing on the motion for amended findings or a new trial. That being the case, even without the consent of the parties, Judge Nolan had authority to hear the motion. School District v. Aiton, 175 Minn. 346, 221 N.W. 424. He had no authority to change the findings of fact. Id. 175 Minn. 346,221 N.W. 424; Bahnsen v. Gilbert, 55 Minn. 334, 56 N.W. 1117. However, there were no changes in the findings of fact in the instant case, but merely corrections in certain figures in the conclusions of law to conform to the findings of fact. Judge Nolan was clearly within his rights in making these corrections. Id. 175 Minn. 346, 221 N.W. 424.
Affirmed.
MR. JUSTICE MAGNEY took no part in the consideration or decision of this case.