## PEARL NAFFKE v. JOHN H. NAFFKE.[1]

December 18, 1953.

No. 35,992.

[1]Reported in 62 N. W. (2d) 63.

*Martin Friedman,* for appellant.

*Weinberg & Litman,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Plaintiff appeals from that portion of a judgment in divorce proceedings which awards her the sum of $100 per month for alimony and support money for herself and the minor child of the parties and which awards her attorney the further sum of $100 as attorney's fees.

On appeal it is contended (1) that the award of $100 for "alimony and support money" and the total award of $250 for attorney's fees are inadequate; (2) that the conclusions and judgment for such awards are not supported by the findings; and (3) that the court erred in failing to indicate what portion of the award constituted alimony and what portion support for the child.

The findings in substance were as follows:

That plaintiff and defendant were married May 9, 1942, at Roselle Park, New Jersey; that at the time of the trial plaintiff was 31 years of age and defendant 36 years of age; that plaintiff is a resident of St. Louis county, Minnesota, and has resided there for more than a year prior to the action.

That there was as issue of said marriage one child, namely, Patricia Ann Naffke, then aged seven years.

That defendant has treated plaintiff in a cruel and inhuman manner within the meaning of the statute substantially as alleged in plaintiff's complaint.

From these findings the court made conclusions as follows:

"1. That the bonds of matrimony heretofore existing between plaintiff and defendant be wholly dissolved, and plaintiff is herewith awarded an absolute divorce from defendant.

"2. That plaintiff is hereby granted the care, custody and control of Patricia Ann Naffke * * * subject to the right of reasonable visitation on the part of the defendant.

"3. That defendant be required to pay to plaintiff as alimony and support money, the sum of $100.00 per month. * * *

"4. That defendant pay to * * * attorney for plaintiff, further attorney's fees in the sum of $100.00."

At the trial, only the issues of alimony, support money, and attorney's fees were contested. There defendant conceded that his monthly base pay as a United States Air Force Major, including subsistence allowances for rent and bonuses for hazardous flying, equalled the sum of $747.36 per month, which, after deductions for taxes, left him a net monthly income of $666.66. He further conceded that he was the owner of $2,200 in war savings bonds, a Buick automobile of the approximate value of $1,000, a bank balance of $160, and a New York brokerage account in the sum of $2,200, the foregoing establishing personal property of the value of approximately $5,500.

By her testimony, plaintiff established that she had no property of any kind, although a certain number of shares of common stock of various corporations which belonged to her father had at one time been listed in her name. She testified that she had never received any income from these shares nor any cash on the transfer thereof; that in 1947 she had earned the sum of $250 and in 1948, the sum of $350; that she had had no other earnings or source of income; and that her father was not able to take care of her financial needs.

■ We are of the opinion that the conclusions of law and the judgment based thereon fail to find support in the findings of fact. There are no specific findings as to the financial status or income of either plaintiff or defendant upon which the conclusion and judgment awarding "alimony and support money" and attorney's fees can find support. M. S. A. 546.27 requires separate findings on issues of fact tried by the court, separate conclusions based thereon, and judgment accordingly. Czanstkowski v. Matter, 213 Minn. 257,

6 N. W. (2d) 629; Goodhue County Nat. Bank v. Fleming, 168 Minn. 50, 209 N. W. 533; Pioneer Land & Loan Co. v. Bernard, 156 Minn. 422, 195 N. W. 140. Before a judgment can be sustained on appeal, the conclusions upon which it is based must find support in the findings of the trial court. Lee v. Delmont, 228 Minn. 101, 36 N. W. (2d) 530; Kennedy v. Thompson Lbr. Co. 223 Minn. 277, 26 N. W. (2d) 459; Schreiber v. Scott, 163 Minn. 422, 204 N. W. 575. The award of $100 for "alimony and support money" should bear some relationship to the findings as to defendant's income and financial status if it is to be sustained. Yet there has been no determination whatever with respect to either of these issues. On the limited record before us, the award does not appear adequate in view of the position of the parties, defendant's ability to pay, and other standards ordinarily applied in evaluating awards of this kind. In the absence of support for the conclusions and judgment, we must reverse that portion of the judgment which covers this award.

■ There appears to be further error in the failure of the trial court to divide the award as between alimony and support money. In Morrissey v. Morrissey, 172 Minn. 72, 75, 214 N. W. 783, 784, we held that the findings should indicate specifically what portion of a $250 monthly payment awarded in divorce proceedings was "for the care and support of the children" of the parties. This would appear to be essential, not only as a basis for considering the present merits of the award, but also as a basis for future motions with respect to either alimony or support money if the status of the parties should change.

■ Defendant asserts that, even if it be conceded that the findings are inadequate, plaintiff's remedy was by motion for amended findings in the trial court and that the absence of such motion makes the present appeal premature. While it is true that the remedy for failure of the trial court to find on litigated issues is by motion to correct before or subsequent to judgment (Rockey v. Joslyn, 134 Minn. 468, 158 N. W. 787; Williams v. Schembri, 44 Minn. 250, 46 N. W. 403; see, also, Warner v. Foote, 40 Minn. 176, 41 N. W. 935), this rule does not limit our authority to determine whether con-

472

clusions upon which a judgment is based find support in the findings of the trial court. 1 Dunnell, Dig. (3 ed.) § 392. As there stated:

"* * * It is not necessary that the record should include a case or bill of exceptions *or that a motion should have been made in the trial court for a new trial or an amendment.* The supreme court may determine the question on the judgment roll alone." (Italics supplied.)

A deficiency in this respect may be attacked either by motion for modification of the conclusions, by motion for new trial, or by an appeal from the judgment. If the last remedy is invoked, a preliminary motion in the court below is not a prerequisite. See 6 Dunnell, Dig. § 9871, where it is stated:

"The objection that the conclusions of law are not justified by the findings of fact may be raised by motion for a modification, by a motion for a new trial, or by an appeal from the judgment. These are alternative remedies. A party is not required to move the trial court, but may raise the objection for the first time on appeal from the judgment."

■ Plaintiff's attorney challenges the trial court's award of $100 additional attorney's fees as inadequate. It appears that for services in the court below he received a total of $250, from which he expended $39 for necessary costs and expenses. Such allowance, of course, was exclusive of awards made here for services in this court. He submitted no testimony as to the reasonable value of his services. The record indicates that he prepared an order to show cause, a restraining order, certain affidavits, the summons and complaint, and various notices of motion; that he was instrumental in procuring lengthy controversial depositions from defendant; and that part of one day was consumed in the trial of the action. While these services might appear to merit a more generous award, we are not prepared to state at this time, in view of the present record, that the trial court abused its discretion in making the total award in excess of $200, exclusive of the amounts awarded here.

Reversed and remanded with instructions to make specific findings on the income and assets of the parties and, based thereon, to make conclusions for a just and adequate award for alimony, support money for the child of the parties, and attorney's fees.

This court has previously allowed plaintiff the sum of $200 attorney's fees and $100 to, apply on costs and disbursements in the preparation and prosecution of the appeal before this court. There is now awarded her an additional $150 for attorney's fees, plus authorized statutory costs and disbursements.

