Bruce A. BROWN, et al., Relators,

v.

COMMISSIONER OF REVENUE, Respondent,

Thomas J. POLLOCK, Relator,

v.

COMMISSIONER OF REVENUE, Respondent.

Nos. 81-1075, 81-1092.

Supreme Court of Minnesota.

July 23, 1982.

Mathias & Brown and Gerald J. Brown, Duluth, for Brown.

Harper, Eaton, Oswald, Peterson & Overom and Steven C. Overom, Duluth, for Pollock.

Warren Spannaus, Atty. Gen., and James W. Neher, Sp. Asst. Atty. Gen., Dept. of Revenue, St. Paul, for The Com'r of Revenue in No. 81–1075.

Warren Spannaus, Atty. Gen., and Paul R. Kempainen, Sp. Asst. Atty. Gen., Dept. of Revenue, St. Paul, for The Com'r of Revenue in No. 81–1092.

OTIS, Justice.

Relators, Bruce and Gerald Brown and Thomas J. Pollock, appeal from separate determinations by the Tax Court that it was proper to assess a use tax on transactions which had occurred more than three years before, claiming that Minn.Stat. § 297A.34, subd. 1 (1980) bars the Commissioner from assessing a use tax more than three years after the filing of retailer's sales tax return. We believe that the statute of limitations is not commenced as to the purchaser by the filing of retailer's annual sales tax return. Accordingly we affirm.

Thomas Pollock purchased a Ranger 29 sailboat from North Shore Yacht Sales in 1974 and the Browns purchased a Ranger 26 in 1975. At the time of the sales in question North Shore believed that purchases of federally documented vessels such as these possibly were exempt from taxation. Although consumers did not pay a use tax, nor did they file a consumer's use tax return, North Shore filed its annual sales and use tax returns for both years and deducted the sales prices of the yachts from total taxable sales on the respective returns.

In a subsequent audit of North Shore on November 14, 1978, the Department of Revenue determined that federal documentation of vessels does not render them tax-exempt, and as a result tax should have been collected on the sales in question. The transactions at issue were discovered during the audit and on April 13, 1979 relators were informed by letter that a use tax return should be filed and a use tax paid on the purchase of the yachts.

On appeal relators do not dispute the determination that the sales were not tax-exempt, but claim that the statute of limitations, Minn.Stat. § 297A.34, subd. 1 (1980), bars the Commissioner from assessing a use tax against them more than three years after the purchase of the vessels. Relators Bruce and Gerald Brown also raise a procedural issue regarding the tax court's jurisdiction to amend conclusions of law.

The first issue, raised by both parties, was whether the imposition of a tax was improper because it occurred more than three years after the purchase. The statute of limitations set forth in Minn.Stat. § 297A.34, subd. 1 (1980) provides in part as follows:

> Except as otherwise provided in this chapter, the amount of taxes assessable with respect to any taxable period shall be assessed within three years after the return for such period is filed.

We hold that a purchaser cannot rely upon the filing of the retailer's annual sales tax return to commence the running of the statute of limitations.

Although interrelated, the sales tax and the use tax are separate and distinct obligations. *Oster & Pederson, Inc. v. Commissioner of Taxation*, 266 N.W.2d 162, 165 (Minn.1978); *Corbin v. Commissioner of Revenue*, 307 Minn. 237, 240 n.2, 240 N.W.2d 809, 811 n.2 (1976). Minn.Stat. § 297A.14 (1980) imposes a use tax on every person purchasing tangible personal property used, stored or consumed in Minnesota "unless the tax imposed by section 297A.02 [the sales tax] was paid on said sales price." Minn.Stat. § 297A.16 (1980) provides that a Minnesota retailer "shall at the time of making such sales collect the use tax from the purchaser and give to the purchaser a receipt therefor * * *."

While the cited statutory provisions show a legislative intent that a retailer be charged with the responsibility of collecting the use tax and reporting it to the Commissioner, Minn.Stat. § 297A.15, subd. 1 (1980) provides that the purchaser remains liable until either party has paid the use tax:

> *Liability for payment of the use tax is not extinguished until the tax has been paid to Minnesota.* However, a receipt from a retailer maintaining a place of business in Minnesota, * * * given to the purchaser pursuant to section 297A.16 *relieves the purchaser of further liability for the tax* to which the receipt refers. (emphasis added).

Additionally, Minn.Stat. § 297A.27, subd. 2 (1980) contemplates that a purchaser who has not been charged for tax must file a use tax return:

> For the purposes of the excise tax, a return shall be filed by every retailer. For the purposes of the use tax a return shall be filed by every retailer required to collect such tax *and by every person pur-chasing any items, the storage, use or other consumption of which is subject to the use tax, who has not paid the use tax to a retailer required to collect the tax.* (emphasis added).

The language of Minn.Stat. § 297A.34, subd. 1 (1980) requires that the taxes be assessed "within three years after the return for such period is filed." Because the statutory scheme contemplates that a return be filed by a consumer when he has not paid the tax we think it is clear that a retailer's return does not commence the running of the statute as to the purchasers, except in situations where no return is expected from the purchaser. The sales tax return filed by the retailer does not detail individual transactions but only lists the total amount of sales claimed as exempt. There seems to be no reason to require a consumer to file a return when no tax is paid if the retailer's return is sufficient notice to the Commissioner.

Relators' argument in the *Brown* case that a different result should be reached when the retailer has specifically informed a purchaser that tax liability might subsequently arise [1] is without merit. By operation of Minn.Stat. § 297A.14 (1980), every person purchasing tangible personal property used, stored, or consumed in Minnesota is subject to a use tax unless the sales tax has been collected. This section is notice to a consumer that an item is presumed taxable.

▪ The second question raised by relators Bruce and Gerald Brown involves the Tax Court's jurisdiction to amend conclusions of law.

On January 29, 1981, the Tax Court held that the assessment of the use tax against the Browns was barred by the three-year statute of limitations set out in Minn.Stat. § 297A.34, subd. 1 (1980). The presiding judge found that the filing of the sales tax

---

1. Relators refer to a paragraph in a Purchase Agreement signed by Pollock which stated:

   Sales Tax: We are of the opinion that the sale of a federally documented boat such as this *may not* be taxable. We have no guarantee nor can we offer any to you. However, we will not charge tax on this sale. It is understood by both of us that in the event of an audit and subsequent determination of tax due, the liability for all amounts due including tax and interest shall be borne by you as the purchaser.

return by North Shore, the retailer, commenced the running of the statute despite the fact that the assessment was against the purchasers who had not filed a use tax return. That judge resigned from the Tax Court on February 2, 1981. Subsequently the Commissioner filed a motion for amended conclusions of law pursuant to Minn.R. Civ.P. 59.01(7). Another judge of the Tax Court issued an order on August 14, 1981, granting the Commissioner's motion and upholding the assessment of a use tax against relators. Relators contend that because the exclusive review of a final order of the Tax Court is certiorari to the Minnesota Supreme Court, Minn.Stat. § 271.10 (1980), the January 29, 1981 order of the Tax Court, holding that the statute had run and the assessment was improper, is final and binding.

Minn.Stat. § 271.06, subd. 7 (1980) provides that "the rules of civil procedure for the district court of Minnesota shall govern the procedures in the tax court, where practicable." In the instant case the Commissioner of Revenue filed a post-trial motion for amended conclusions of law on the basis that the decision filed January 29, 1981, the Honorable Jack Fena presiding, was contrary to law.

Minn.R.Civ.P. 59.01(7) lists as one ground for granting a motion for a new trial that the decision "is contrary to law" and states that in an action tried without a jury "the court may open the judgment if one has been entered, take additional testimony, amend findings of fact or conclusions of law or make new findings and conclusions, and direct entry of a new judgment." Relators' concern that the retirement of the first judge allowed a second judge to review and amend the conclusions of law without any new evidence is without foundation. Minn. R.Civ.P. 63.01 provides:

> If by reason of death, sickness, or other disability a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly

sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

After the original judge retired from the bench he was unable to entertain the motion to amend the conclusions of law and it was not improper for another judge sitting on the tax court to do so. *In re Estate of Hallock,* 221 Minn. 25, 20 N.W.2d 881 (1945).

Affirmed.