**Arne ORMAN, Appellant,**

v.

**FARMER BROS. CO., Respondent.**

**No. C9–86–1242.**

Court of Appeals of Minnesota.

Dec. 16, 1986.

James P. Cullen, Cullen Law Firm, Ltd., Minneapolis, for appellant.

Michael J. Ford, Quinlivan, Sherwood, Spellacy & Tarvestad, St. Cloud, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

· PARKER, Judge.

Arne Orman successfully sued his former employer for unpaid overtime under the Fair Labor Standards Act. Without making any predicate findings, the trial court denied Orman liquidated damages and reasonable attorney's fees and costs. We reverse and remand.

## FACTS

In connection with an action for wrongful discharge, appellant Arne Orman sued his former employer, respondent Farmer

Brothers Coffee Company, for $2,600 in unpaid overtime, an equal amount in liquidated damages, and attorney's fees under the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b) (1982).

The trial court found that Orman had been wrongfully discharged and awarded him a total of $7,686.03, including $528.75 in unpaid overtime. However, without making any specific findings in support, the court failed to award Orman liquidated damages or reasonable attorney fees. Orman appeals from the judgment.

## ISSUES

1. Did the trial court err in failing to award liquidated damages to Orman when it made no predicate finding that Farmer Brothers was acting in the reasonable, good-faith belief that it was not violating the FLSA?

2. Did the trial court err in failing to award Orman reasonable attorney's fees and costs?

## DISCUSSION

### I

Farmer Brothers contends this appeal should be dismissed because Orman did not make any post-trial motions or provide a transcript. However, failure to make post-trial motions does not prevent this court from considering whether the trial court's conclusions of law are adequately supported by findings. *Naffke v. Naffke*, 240 Minn. 468, 472, 62 N.W.2d 63, 66 (1953); *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). A transcript is unnecessary for such an inquiry. *Duluth Herald & News Tribune v. Plymouth Optical Co.*, 286 Minn. 495, 498, 176 N.W.2d 552, 555 (1970). Where the narrow issue does not require a transcript, an attorney is to be commended for sparing his client unnecessary expense.

### II

This court recently recognized that, under 29 U.S.C. §§ 216(b) and 260, an employee who prevails on a claim for unpaid overtime is entitled to an equal amount in liquidated damages absent a finding that the employer satisfied its burden of proving that it acted in the reasonable and good-faith belief that it was not violating the FLSA. *Nelson v. Master Vaccine, Inc.*, 382 N.W.2d 261, 265 (Minn.Ct.App. 1986) (citing *Marshall v. Brunner*, 668 F.2d 748, 753 (3d Cir.1982)). We now stress that such findings are "prerequisite to the invocation of [the trial court's] discretion" to reduce or deny liquidated damages. *Brunner*, 668 F.2d at 753. These findings must be made with specificity. *See, e.g., Guthrie v. Lady Jane Collieries, Inc.*, 722 F.2d 1141 (3rd Cir.1983) (conclusory findings held insufficient to satisfy *Brunner*).

Here, as in *Nelson*, the trial court's denial of liquidated damages is unsupported by any findings as to the employer's substantial burden. We hold that because the trial court failed to make specific findings that the employer satisfied its burden of proving that its failure to obey the statute was both reasonable and in good faith, Orman must be awarded liquidated damages equal to his award of unpaid overtime.

### III

In *Nelson* we also recognized that 29 U.S.C. § 216(b) mandates that a plaintiff who prevails on a FLSA claim for unpaid overtime be awarded reasonable attorney's fees and costs. *Id.* at 266. We noted that although the actual amount of attorney's fees lies within the court's discretion,

> it would undermine the remedial purpose of the FLSA to allow the trial court to deny a prevailing employee attorney's fees without first finding that the fee request was unreasonable.

*Id.* There the trial court denied the prevailing plaintiff a portion of the fees requested, without making any findings to justify the reduction. After reviewing the plaintiff's affidavit in support of the fee request, we found that the trial court erred in denying the entire request.

Here the trial court erred, not only in failing to make findings, but in denying Orman's request in its entirety. Since Orman did prevail on the underlying claim, his entire fee request cannot be denied as unreasonable. We note, however, that although the overtime claim was only one of several claims, Orman requests attorney's fees and costs for the entire action. Therefore, we remand to the trial court for a determination of reasonable attorney's fees and costs allocable to the overtime claim and for such further hearings as necessary.

 Orman also requests attorney's fees for this appeal, arguing that it would help to ensure that employees receive the full protection of the FLSA in the future. The Minnesota Supreme Court has concluded that awards of fees on appeal are made as a matter within the discretion of the court rather than as a matter of absolute right. *Otis v. Mattila*, 281 Minn. 187, 197, 160 N.W.2d 691, 698 (1968). In this case we agree that an award of reasonable attor-

ney's fees on appeal is necessary to effectuate the purposes of the FLSA, and we remand to the trial court for a determination of a reasonable sum, together with those remanded.

## DECISION

Reversed and remanded with directions to enter judgment for $528.75 in liquidated damages and for a determination of reasonable attorney's fees and costs for the appeal, as well as that portion of the trial court action allocable to the unpaid overtime claim.

Reversed and remanded.